BOWES, Judge.
This case is before the Court on a motion for summary judgment granted in favor of the defendants, Charles Chapman and the State of Louisiana through the Department of Public Safety, Division of State Police. We reverse and remand the cause to the district court for trial on the merits.
In July 1980, a motorcyclist (a Mr. Paul Chamblee), experiencing trouble with his motorcycle in front of plaintiff Hunt’s property in rural St. Charles Parish, asked Hunt for permission to store the cycle for a few days in Hunt’s barn in exchange for a storage fee. Hunt agreed.
About two months later, when the cycle had not been reclaimed, Hunt contacted Detective Kenneth Schmill in St. Charles Parish to ask for assistance in locating the owner regarding the cycle.
After a computer license check, the detective wrote to defendant Gary Songy, whose name appeared as titular owner of the bike. Songy advised that he had sold the bike for $1,500 in cash and signed the title for transfer. (Apparently the title transfer was never effected in Baton Rouge.) Subsequently, in a series of telephone calls, Mr. and/or Mrs. Songy requested return of the bike; Detective Schmill advised them of the need for a valid title before the cycle could be reclaimed. Mrs. Songy then informed Schmill that she had friends in the St. Bernard Detective Bureau and in the State Troopers and that theft charges would be filed against Hunt. Schmill continued to advise the Songys that the situation was not a criminal case.
On or about January 20, 1981, defendant Chapman, in his capacity as a state trooper, contacted the St. Charles Parish Sheriff’s Office by radio, to inquire as to the location of the motorcycle and the status of the case. Chapman was told that the case had been “referred to civil court” by the district attorney’s office. Chapman later telephoned Hunt apparently to discuss possible criminal charges. Hunt reiterated that he considered the matter a civil one, as he felt that he was entitled to a storage fee.
On or about February 12, 1981, defendant Chapman applied, via his (Chapman’s) sworn affidavit, to the district court for a warrant for the arrest of Hunt on a charge of felony unauthorized use of a movable and for a search warrant for the motorcycle. The warrants were issued without the advance knowledge of either the St. Charles Parish Sheriff’s office or the District Attorney’s office. Also, apparently there was no attempt by Trooper Chapman to advise either local official of his intentions to interfere in a case clearly being handled by both local offices. This is strange and unusual police procedure.
*208 On February 17th, at approximately 2:00 a.m., no less than four State Troopers, led by Trooper Chapman, converged upon Hunt’s residence, handcuffing and arresting him. Hunt was then booked for unauthorized use of a movable under Louisiana Revised Statute 14:68. The motorcycle was seized pursuant to the warrant and released to Songy. The District Attorney refused to accept the charges or prosecute Mr. Hunt, who then filed the present lawsuit for damages for false arrest.
The cases are legion which hold that a motion for summary judgment may be granted only if the pleadings, documents, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. Smith v. Cajun Insulation Co., 434 So.2d 123 (La.App. 5th Cir.1983). If there is any doubt about there being a material issue of fact, a trial on the merits is preferred. Ballard v. Jayakrishnan, 427 So.2d 665 (La.App. 5th Cir.1983).
The present motion for summary judgment was granted, insofar as we can discern from the judge’s oral comments, because he found probable cause to issue the warrant in the first place. (As it happens, the trial judge here also issued the original warrant.)
He felt it would be “remiss” of him now to find otherwise. Obviously, the judge did not consider the affidavits now before him, with many additional facts and circumstances, and re-evaluate his previous position. Nowhere is there any mention that the judge found there was “no genuine issue of material fact” between the parties. The judge used phrases indicating doubt, such as “it seems like” and “what it most probably is” and “there’s a lot written between the lines that’s not explained.” Nevertheless, he found the motion “valid”, sustained it, and dismissed the case. Under the facts and circumstances of the instant case, we find that it is necessary to “go between the lines” to determine the issues here, and that is the purpose of a full trial on the merits.
Traditionally, in an action for false imprisonment (or false arrest), the arrest is made either without legal process or warrant, or under a warrant null upon its face. Barfield v. Marron, 222 La. 210, 62 So.2d 276 (1952). Later jurisprudence has refined Barfield to include a warrant “maliciously and wrongfully obtained.” Singleton v. Townsend, 339 So.2d 543 (La.App. 4th Cir.1976); see also Brewer v. Blackwell, 692 F.2d 387 (5th Cir.1982). The pleadings, affidavits, and other documents filed into the record in connection with the motion for summary judgment raise a question of material fact: Did Trooper Chapman have sufficient knowledge of the underlying facts of this case so as to cause the warrant sworn out by him to be one “maliciously and wrongfully obtained”? Put another way, did Chapman have reason to believe that the crime of unauthorized use of a movable had been actually committed by Hunt, or was the trooper abusing his position as a law enforcement officer in a show of force to obtain the release of the property of a friend? The circumstances of the case, even as enunciated in Chapman’s own affidavit to obtain the warrant do not fall into the category of criminal actions proscribed by R.S. 14:68:[1]
... unauthorized use of a movable also has, as an essential element, the inten *209 tional taking or use of a movable belonging to another. It is obvious that criminal intent is an essential element required to be proved, and evidence of intent is clearly pertinent to the issues in these cases. State v. Kelley, [241 La. 224] 128 So.2d 18 (La.1961).
A person commits the crime of unauthorized use of a movable when he either takes or uses another’s property without the owner’s consent or by means of fraudulent practices. R.S. 14:68, although not requiring that a person act with an intent to deprive the owner permanently of his property, must reasonably be construed to require the existence of fraudulent intent.
... we construe the present statute proscribing unauthorized use of a movable as requiring a showing of mens rea or criminal intent, since the “evil” state of mind of the actor normally distinguishes criminal acts (punishable by the state alone) from mere civil wrongs (actionable by private individuals against one another). C.Cr.P. art. 381 State v. Bias, 400 So.2d 650 (La.1981)
It appears from the record that Trooper Chapman may have known very well the complete lack of criminal intent on the part of plaintiff.[2] To what extent he (Chapman) was aware of this, as well as of other pertinent facts,[3] is material in the determination of plaintiff’s action for false arrest. It appears to this Court, without delving more deeply into the surrounding facts, that the actions of plaintiff may easily be construed not to fall within the prohibitions of R.S. 14:68. In so saying, we do not intend to make a finding of guilt or innocence on the part of plaintiff, as such is not our function.
Nor do we hold that in swearing out a warrant, a police officer must always ascertain the intent of the alleged perpetrator. Rather, we mean to raise the question, in this particular case on the facts presented thus far, of the good faith of Trooper Chapman in initially swearing out the warrant and then effecting the arrest.[4]
The cases cited by appellant are distinguishable on their facts. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977) and Gerard v. Parish of Jefferson, 424 So.2d 440 (La.App. 5th Cir.1982) involve warrant-less arrests effected by police officers on information supplied by third parties. Neither case addressed the question of the officers’ peculiar or personal knowledge of the facts underlying the case. Johnson v. Pearce, 313 So.2d 812 (La.1975) states that “only the grossest negligence or arbitrary and capricious conduct on their [public officials] part will support a claim of malicious prosecution.” (p. 816, emphasis supplied).
We also find that the definition of probable cause quoted in appellee’s brief is pertinent to the case at hand:
Probable cause to arrest exists when facts and circumstances are within the arresting officer’s knowledge and of which he has reasonable and trustworthy information sufficient to justify a man of average caution the belief that the person to be arrested has committed or is committing an offense. State v. Haynie, 395 So.2d 669 (La.1981) (emphasis added).
We find that the present situation is comparable to the recent case of Jones v. Soileau, 448 So.2d 1268 (La.1984). In holding that a local official had misused his public office to collect a private debt, the court said:
*210 The crucial determination is whether Soileau had an honest and reasonable belief in the guilt of Jones at the time he pressed charges. Sandoz v. Veazie, 106 La. 202, 30 So. 767 (1901). In applying these principles, a court may take into account events subsequent to the filing of the criminal charge. These are, however, simply additional pieces of evidence which comprise the entirety of the circumstances which it is the court’s duty to review ...
The court continued on (making an analogy to and quoting from Hibernia Nat. Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980) which was a suit for malicious prosecution), finding that malice will be inferred “when there is an absence of probable cause ... resulting from wanton and reckless disregard of the rights of the party sued, evincing absence of that caution and inquiry a party should employ before filing suit....” In our opinion, the determination as to whether or not “probable” cause existed, in a suit for false arrest, refers to a finding of fact made by the judge after a full trial on the merits, and not simply to the finding of probable cause made at the time the warrant issued. The latter determination is limited to information contained within the four corners of a one-sided affidavit, which can even contain hearsay. When the only affiant is the arresting officer, as in this case, the court must examine the facts surrounding the issuance of the warrant and beyond in order to ascertain whether the affiant used selectively-chosen facts and omitted others in order to obtain the warrant.
The court in Jones, supra, concluded that defendant’s actions were done without probable cause and with the intent to use a baseless criminal charge to collect a debt from plaintiff and that “under these circumstances, malice is inferred. Such an attempt to misuse an office of public trust for private ends, as well as to misuse the criminal process for the enforcement of civil claims, remains an intolerable abuse in this state.”
We are cognizant of the fact that the actions in Johnson and Jones, supra, were for malicious prosecution, whereas the present action is one for false arrest, but hold that the test for malice in the present case is virtually identical.
Such questions, as have been raised above, can only be answered by a full examination of the case by a trial on the merits.
For the foregoing reasons, the judgment of the trial court is reversed and the case remanded to the district court for proceedings in accordance with this opinion. Each party will bear its own costs of this appeal.
REVERSED AND REMANDED.

. L.S.A. R.S. 14:68:
§ 68. Unauthorized use of a movable
Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
Whoever commits the crime of unauthorized use of a movable having a value of one thousand dollars or less shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both. Whoever commits the crime of unauthorized use of a movable having a value in excess of one thousand dollars shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than three years, or both.

. Chapman knew, for example, that Hunt was consulting the Sheriffs office in the person of Detective Kenneth Schmill; such knowledge would appear to belie the criminal intent of Hunt.

. Chapman was also aware that Hunt did not "take” the vehicle as described in R.S. 14:68, either without the owner’s consent, or fraudulently. In short, none of the elements set forth in the statute appear to be present.

.As pointed out by appellant, the motorcycle could have been seized on the search warrant alone. The arrest and handcuffing of Mr. Hunt at 2:00 a.m. appears to have been completely unnecessary.