633 So.2d 806 (1994)
William C. BARRY, Jr.
v.
Wallace DENNIS, Frank Ruiz, the City of New Orleans, and the New Orleans Police Department.
No. 93-CA-1301.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1994.
*807 Franz L. Zibilich, Asst. City Atty., George A. Blair, Chief of Criminal Justice, Kathy L. Torregano, City Atty., New Orleans, for appellant The City of New Orleans.
David R. Paddison, Covington, and Darryl J. Tschirn, Metairie, for appellee.
Before BYRNES, LOBRANO and WALTZER, JJ.
LOBRANO, Judge.
Defendant, the City of New Orleans, appeals a trial court judgment in favor of plaintiff, William Barry, Jr. We reverse.
On the evening of January 10, 1987, plaintiff, William Barry, Jr., and his friend, Lynn Williams, stopped on their way home from work at the Algiers Sports Bar and Cafe. Barry and Williams were playing pool when another patron, Wallace Dennis, started making loud racially insulting remarks[1]. Barry asked Dennis to stop using that type of language. All parties agree that Barry's comments to Dennis were not provocative.
As Barry and Williams returned to their pool game, Dennis suddenly struck Barry from behind knocking him onto the top of the pool table. Dennis then jumped on top of Barry and began to punch him repeatedly. *808 At some point during this altercation, a gun in Barry's right pants pocket discharged. Dennis was shot and fell to the floor. Barry did not realize until later that the bullet had also travelled through his own thigh.
At the time of this incident, Wallace Dennis was an off-duty New Orleans police officer. Barry was unaware of this fact at the time of the altercation.
Barry stumbled out of the bar and he and Williams left in separate vehicles. Approximately thirty minutes later, they met at Williams' house and decided to go back to the bar to determine what had happened. As they neared the bar, they saw at least twenty police cars in the parking lot. The two men decided not to stop at the bar and drove back to Barry's house. They drove past Barry's house when they saw a suspicious vehicle blocking Barry's driveway. The vehicle turned out to be an unmarked police car which followed the car in which Barry and Williams were travelling for a short distance and then pulled them over. Barry was arrested and taken to police headquarters for questioning. The arrest was based on statements by witnesses at the bar who saw him involved in the altercation with Dennis.
According to Barry, he first realized that he had been shot when he went to Williams' house and Williams saw the bullet hole and blood on Barry's pants. He claims that he was treated harshly by the police when he was arrested and that he was not given medical treatment for over an hour. He later was taken to Charity Hospital for medical treatment and booked on the charge of attempted first degree murder. Although the charge of attempted murder was eventually refused by the district attorney's office, Barry claims that he was not released from jail until one week after the shooting incident. (Defense counsel claims in his brief that plaintiff was released after four days in custody.) Barry pled no contest to intentionally possessing a firearm while on the premises of an alcoholic beverage outlet, a violation of LSA-R.S. 14:95.5.[2]
Plaintiff filed suit for damages against Wallace Dennis, Frank Ruiz, the City of New Orleans and its police department alleging negligence and civil rights violations under 42 U.S.C. § 1983 and LSA-R.S. 51:2231 et seq. Frank Ruiz was the commander of the NOPD homicide division in January 1987.
Prior to trial, plaintiff settled his claims against defendant Dennis. Dennis did not testify. After trial, the court rendered judgment dismissing plaintiff's action against Frank Ruiz. However, judgment was rendered in favor of plaintiff and against the City of New Orleans for $25,500.00. The trial judge found that although the Civil Rights statutes were inapplicable, liability was proper under the provisions of Civil Code Article 2315. The court reasoned only that "the plaintiff should recover for the failure of the NOPD to act promptly and to report its findings to proper authority, so that plaintiff was not needlessly detained in prison." The City now appeals that judgment.
In its argument to this court, the City has assumed that the trial judge relied upon the theory of false imprisonment as the basis of its ruling. The City argues that the trial judge erred in finding it liable for false imprisonment because the arrest of plaintiff was based on statements and descriptions of eyewitnesses to the shooting incident.
The tort of false arrest and imprisonment occurs when one arrests and restrains another against his will without a warrant or other statutory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977); Harrison v. Phillips, 539 So.2d 911 (La.App. 4th Cir.1989), writ denied, 541 So.2d 894 (La. 1989). The two essential elements are: (1) detention of a person; and (2) the unlawfulness of such detention. Touchton v. Kroger Company, 512 So.2d 520 (La.App. 3rd Cir. 1987); O'Conner v. Hammond Police Dept., 439 So.2d 558 (La.App. 1st Cir.1983).
It is undisputed that plaintiff in this case was detained by the police department. With respect to the false imprisonment argument, *809 the issue is whether or not plaintiff's detention was lawful.
The police made a warrantless arrest of plaintiff. Code of Criminal Procedure Article 213(3) provides that an officer may make a warrantless arrest if he has "reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer." Reasonable cause to arrest exists when facts and circumstances within the knowledge of the arresting officer, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d 446 (La.1987); Harrison v. Phillips, supra.
The plaintiff concedes that the police had reasonable cause to believe that he had committed an offense. Plaintiff had a gun in the bar and a shot was fired from that gun striking Wallace Dennis and causing serious injuries. However, plaintiff argues that the police had no valid reason to charge him with attempted first degree murder and causing his illegal detention for approximately one week. This continued detention occurred because no bond was set due to the seriousness of Dennis' condition. According to plaintiff, within a short time of the shooting, the police had obtained enough information to establish that the charge of attempted first degree murder was unreasonable and thus that charge should have been dropped immediately.
Initially, we observe that the facts of this case do not support a finding of liability based on false arrest and/or imprisonment. Plaintiff was not wrongfully detained due to mistaken identity, e.g. Sanders v. English, 950 F.2d 1152 (5th Cir.1992), nor was he arrested without probable cause, e.g. Miller v. East Baton Rouge Parish Sheriff's Department, supra. Unquestionably, plaintiff was present at the Algiers Sports Bar and Cafe when a gun in his possession discharged hitting both him and Wallace Dennis. With the benefit of hindsight, it might appear that the police department was overzealous in its initial handling of this case. However, we conclude that there was no false arrest or imprisonment of plaintiff. And, although in retrospect the initial charge of attempted first degree murder[3] may seem excessive, it must be remembered that on the night in question, the police arrived at the scene and learned that a gun in plaintiff's possession (in his right pants pocket) was fired in a crowded bar hitting Dennis. Additionally, a witness at the scene told police that Barry had his hand in his right pants pocket at the time of the shooting. Given all of that information, we agree with the City that there was no false arrest or imprisonment in this case.
Plaintiff argues, however, that the City was negligent in failing to act more expeditiously in its investigation of the incident. Had the police done so asserts plaintiff, he would not have been detained on the attempted first degree murder charge for what he alleges is an excessive period of time.
Our review of the trial judge's reasons leads us to the conclusion that liability on the City's part was predicated on negligence in its failure to "act promptly." In order to prevail in a negligence action, plaintiff must prove that the City owed him a duty, that the duty was breached and that the breach was a cause in fact in bringing about harm. The risk and harm encountered by the plaintiff must be within the scope of protection afforded by the duty breached. White v. Orleans Parish Criminal Sheriff's Office, 576 So.2d 639 (La.App. 4th Cir.1991); writ denied, 581 So.2d 704 (La.1991).
Generally, the duty of members of the police department is essentially that of maintaining peace and order, preventing and detecting crime and enforcing the law. See, Miller v. Bailey, 621 So.2d 1174 (La.App. 3rd Cir.1993), writ denied, 629 So.2d 358 (93-C-2103, *810 La.1993). Unless a plaintiff can prove that the police department owed him a special duty outside of the one owed to the general public, he cannot recover damages for breach of such a duty. Lowe v. Patterson, 492 So.2d 110 (La.App. 1st Cir.1986), writ denied, 496 So.2d 355 (La.1986).
The evidence does not show that the police department conducted its investigation any differently in this case than in any other similar case. Nor is there any evidence that the police department delayed the setting of plaintiff's bond. We have already concluded that the initial investigation warranted plaintiff's arrest for attempted first degree murder. We are satisfied that is what "the reasonable man" police officer would have done given the facts and circumstances of this case. Further, it was reasonable for the magistrate to initially refuse to set bond given the information that Dennis had been shot and was hospitalized. We find no evidence that the investigation of this matter was conducted in such an extraordinary manner as to constitute a breach of any special duty owed plaintiff.
Accordingly the judgement of the trial court is reversed. The City of New Orleans is dismissed from these proceeding.
REVERSED AND RENDERED.
NOTES
[1] These remarks were apparently directed to a black male who was in the bar and whom Dennis knew.
[2] An intermediate charge of aggravated battery was accepted by the district attorney's office on February 27, 1987 but was later dropped.
[3] Sgt. David Morales testified that the plaintiff was charged with attempted first degree murder because of the possibility that other people in the crowded bar could have been shot. The first degree murder statute, LSA-R.S. 14:30, includes in its definition "the killing of a human being:... (3) When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person."