675 So.2d 1184 (1996)
Edna ANDERSON
v.
WAL-MART STORES, INC. d/b/a Sam's Wholesale Club.
No. 95-CA-1026.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1996.
Jesse R. Elliott, New Orleans, for Plaintiff/Appellant, Edna Anderson.
Frederick R. Campbell, Roy C. Beard, Keith M. Matulich, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for Defendant/Appellee, Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club.
Before BOWES and CANNELLA, JJ., and CHARLES V. CUSIMANO, II, J. Pro Tem.
BOWES, Judge.
Plaintiff, Edna Anderson, appeals a judgment of the district court in favor of the defendant, Wal-Mart Stores Inc. d/b/a Sam's Wholesale Club (hereinafter "Sam's"), dismissing her suit on a motion for involuntary dismissal by the defendant. We affirm.
Plaintiff testified that on June 4, 1991, she was employed as a deputy in the Jefferson Parish Sheriff's Office, and was in full uniform when she went to Sam's to pick up some film (which she had left to be developed). She paid for the pictures, got a receipt, and walked toward the door, carrying her briefcase in addition to the film package.
As is customary at Sam's, the receipt was checked by an employee of the store. At that time, the checker told plaintiff that she wanted to examine the briefcase, and that it was a store policy to do so. Plaintiff questioned the checker as to whether she was suspected of something, to which the employee again responded "that it was store policy." Plaintiff continued to question the checker because she saw other people with purses and briefcase who were not being searched. The exchange went on for 10 to 15 minutes *1185 with plaintiff demanding an explanation as to why she was being "singled out." The manager came by, and a similar dialogue took place, with plaintiff demanding an explanation as to the reason for the search, and the manager insisting that it was "store policy."
The manager then asked plaintiff to follow him to the office, about 25 steps away. Plaintiff accompanied the manager to the office where there was one security officer. Again, the manager asked to see the briefcase, and this time plaintiff complied, emptying the contents. Nothing incriminating was found, and plaintiff left.
Plaintiff's testimony in court was as follows:
Q. Go ahead. Why didn't you force yourself to leave the store?
A. Because I don't want them to think that I'd steal something.
Q. Okay. So that's why you didn't just walk past the checkout clerk?
A. Yeah.
Q. And ignore her?
A. (Witness nods.) If I did that, they think I really steal something and they will call another deputy and that will be a big embarrassment for me because I know my supervisor is not going to back me up.
She was upset and embarrassed, and stopped by a friend's store to use the telephone. Later, she began having nightmares and difficulty sleeping and eventually went to Davis Psychiatric Clinic. She began to see Dr. Jepsen, whom she consulted two or three times.
On cross-examination, plaintiff admitted that she was not accused of theft by the employee or the manager.
The only other witness to testify was Dr. Michael Jepsen. Because of our determination that plaintiff did not prove that she was unlawfully detained, we need not summarize his testimony.

ANALYSIS
La.C.C.P. art 1672(B) provides for involuntary dismissal at the close of plaintiff's case as follows:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
In Brown v. Bowler, 94-667 (La.App. 5 Cir. 5/10/95), 659 So.2d 799, we discussed the appropriate standard of review thusly:
When a motion for dismissal at the close of plaintiff's evidence is made, such as in the case sub judice, the trial court should apply the preponderance of the evidence standard in weighing and evaluating the evidence. Mott v. Babin Motors, Inc., 451 So.2d 632, 637 (La.App. 3d Cir.1984); Bradley v. Hunter, 413 So.2d 674, 676 n. 3 (La.App. 3d Cir.1982), writ denied, 415 So.2d 952 (La.1982). Proof by a preponderance of the evidence means that, taking the evidence as a whole, such proof shows that a fact sought to be proved is more probable than not. Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366, 369 (La.App.2d Cir.1988). Brouillette v. Ducote, 634 So.2d 1243, 1246 (La.App. 3 Cir.1994), citing G.B.M., Inc. v. Juna Corp., 611 So.2d 825, 829 (La.App. 3 Cir.1992).
Although plaintiff is not entitled to any special inferences in his favor, absent circumstances in the record casting suspicion on the reliability of the testimony and sound reasons for its rejection, uncontroverted evidence should be taken as true to establish a fact for which it is offered.
Code of Criminal Procedure Article 215 provides in pertinent part:
A (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that *1186 the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
In McNeely v. National Tea Co., 94-392 (La.App. 5 Cir. 3/28/95), 653 So.2d 1231, we reiterated the test for false imprisonment claims as follows:
To recover in an action for false imprisonment, a plaintiff must prove that either: (1) unreasonable force was used, or (2) no reasonable cause existed for the belief that the suspect had committed a theft of goods, or (3) the detention lasted more than 60 minutes, unless it was reasonable under the circumstances that the suspect be detained longer.

McNeely at p. 1013, citing Thomas v. Schwegmann Giant Supermarket, 561 So.2d 992 (La.App. 4 Cir.1990).
In the present case, defendant stated for the record that plaintiff was not suspected of shoplifting. Therefore it appears that La. C.Cr.P. art. 215, supra, does not apply to the facts of the case before us.
In other situations, false arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority. Kyle v. City of New Orleans 353 So.2d 969 (La.1977); Harrison v. Phillips, 539 So.2d 911 (La.App. 4 Cir.1989), writ denied, 541 So.2d 894 (La.1989). The two essential elements of the tort of false imprisonment are: (1) detention of a person; and (2) the unlawfulness of such detention. Tabora v. City of Kenner, 94-613, (La.App. 5 Cir. 1/18/95), 650 So.2d 319; Barry v. Dennis, 93-1301 (La.App. 4 Cir. 2/25/94), 633 So.2d 806.
The element of detention is an essential component of the tort of false imprisonment. Taking as true the uncontroverted evidence presented by plaintiff, we find that she failed to prove by a preponderance of the evidence that there was a detention.
In Harrison v. Phillips, supra, the court analyzed the issue of detention as follows:
La.Code of Criminal Procedure Article 214 provides:
`A private person may make an arrest when the person arrested has committed a felony, whether in or out of his presence.'
`An arrest is made when one person is taken into custody by another and there is an actual restraint of the person.' State v. Giovanni, 375 So.2d 1360 (La.1979), at 1363. The circumstances must indicate an intent to effect an extended restraint on the liberty of the accused. State v. Sherer, 354 So.2d 1038 (La.1978). The seizure of a person, as described in United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), and cited by plaintiff, is whether, `in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'
In Harrison, supra, after being questioned by the owner of the business as to missing monies, the owner left plaintiff in his office to get the police. Plaintiff testified that leaving the owner's office at that point would cast further suspicion against him. "There is no other evidence to suggest that plaintiff not free to leave, or that his liberty was somehow restrained." Harrison, at 914. The court concluded that plaintiff had failed to prove a detention.
In the case before us, plaintiff stated that she did not leave the store voluntarily because she did not wish to be suspected of stealing, which leads to the inevitable conclusion that she knew that she could have freely left at any time. There was no testimony nor other evidence presented to the effect that plaintiff was prevented from leaving the store. Neither does plaintiff indicate that she believed she was not free to leave; rather, by her own account she chose not to leave under a cloud of suspicion.
Plaintiff does not claim that she was forcibly detained, and nothing in her version of events leads us to believe that she was restrained by either the employee or the manager, *1187 who merely asked plaintiff to go with him. He did not search her and then she made no objection to emptying the contents of her briefcase for inspection. See also Coates v. Schwegmann Bros. Giant Super Markets Inc. 152 So.2d 865 (La.App. 4 Cir. 1963), in which there was no liability to a plaintiff who was not required to remain and who submitted to having her bag searched in a store which had a policy of searching such bags.
Under La.C.C.P. art. 1672, the trial judge may grant a motion for involuntary dismissal when the plaintiff has failed to show a right to relief. It should not be reversed in the absence of manifest error. Yoes v. Shell Oil Co., 95-12 (La.App. 5 Cir. 5/10/95), 657 So.2d 241; Hutzler v. Cole, 93-0486 (La.App. 1st Cir. 3/11/94), 633 So.2d 1319, 1324, writ denied, 94-0850 (La. 5/13/94), 637 So.2d 1070.
We find no manifest error in the determination of the trial court that plaintiff has failed to show a right to relief.

DECREE
For the foregoing reasons, the judgment dismissing plaintiff's suit is affirmed. Plaintiff is assessed all costs of this appeal.
AFFIRMED.