742 So.2d 934 (1999)
Dana E. PLESSY, Plaintiff-Appellee,
v.
HAYES MOTOR COMPANY, INC., Defendant-Appellant.
No. 31,947-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*936 Lunn, Irion, Johnson, Salley & Carlisle by Gerald M. Johnson, Jr., Shreveport, Counsel for Appellant.
Jack H. Kaplan, Shreveport, Counsel for Appellee.
Before NORRIS, STEWART and DREW, JJ.
STEWART, J.
Dana E. Plessy ("Plessy") sued Hayes Motor Company, Inc., ("HMC"), for damages resulting from her arrest after HMC reported a vehicle in Plessy's possession as stolen. The trial court found in Plessy's favor and awarded damages in the amount of $6,000. HMC now appeals this judgment. We affirm.

FACTS
On September 22, 1995, Plessy completed negotiations and signed the necessary paperwork for the purchase of a 1995 Hyundai Sonata from HMC. Plessy had received a flyer from HMC informing her that she had been approved for an auto *937 loan from $500 to $17,500 on a new or used vehicle. The flyer stated that she had been "selected to participate in a special finance program" and that financial representatives would be "on hand to offer immediate delivery." The flyer listed the documentation required to complete the transaction and set forth, in small print, the minimum income requirements needed to take advantage of the financing offer.
Plessy negotiated the purchase of the vehicle with Mike Hatfield, a manager, and Cedric Vaughn, a salesman. Plessy did not provide a down payment, but she did apply a rebate toward the purchase price. The amount financed on the purchase of the vehicle came to $17,884, an amount $384 above the financing approved on the flyer. Monthly payments were set at $447.07. The final credit application dated September 22, 1995, lists Edward J. Plessy, Jr., whom Plessy claimed was her husband, as a joint applicant. The name of Edward J. Plessy, Jr., was signed by Plessy, who told HMC personnel that she was married and that her husband was working overseas. According to Plessy, she was asked about a power of attorney and explained that she did have a power of attorney from her husband stemming from the purchase of a house. Plessy did not provide a copy of the power of attorney prior to signing the name of Edward J. Plessy, Jr., on the credit application. Plessy testified that she was not asked for a copy of the power of attorney. After completing the necessary paperwork, including an application for title and license, Plessy obtained possession of the vehicle.
During the next few weeks, HMC representatives contacted Plessy for a copy of the power of attorney. As an alternative, HMC requested $500 as a down payment. Plessy provided neither and insisted that the sale was complete when she signed the necessary paperwork and took possession of the vehicle. On October 31, 1995, Plessy was stopped for speeding and arrested after the officer's check revealed that the vehicle driven by Plessy was reported stolen. The arrest report indicated that Plessy was driving the vehicle without approval of the loan contract and that she had refused to supply either proof of the power of attorney or $500 for a down payment. Plessy spent five days in jail before posting bond. On November 17, 1995, Plessy was charged by a bill of information with unauthorized use of a movable, a violation of La. R.S. 14:68. The charge was dismissed on March 19, 1996.
Plessy filed suit against HMC in October 1996, seeking damages on the basis that HMC's actions resulted in her arrest and allegedly caused the loss of her job, the loss of the vehicle, and mental anguish. Les Hayes testified on behalf of HMC at trial. Hayes worked in financing at HMC at the time the events involving Plessy took place. Hayes stated that he met with Plessy when she signed the paperwork related to the sale. According to Hayes, Plessy did not qualify for financing based on her own income; thus, a co-signor was necessary. Edward J. Plessy, Jr., was listed as the co-signor. According to Hayes, when he questioned Plessy about her husband's whereabouts, she explained that he was working overseas and that she had a power of attorney. Hayes testified that he allowed Plessy to sign for her husband based on her assurance that she would provide a copy of the power of attorney. Hayes testified that he informed Plessy that the sale and financing would not be finalized without a copy of the power of attorney. According to Hayes, the sale was not complete until the finance company approved funding, and approval of funding required documentation of all information included on the paperwork, such as the power of attorney. When Plessy failed to provide the power of attorney, HMC called the police and reported the vehicle as stolen. Hayes testified that HMC eventually regained possession of the vehicle and sold it at a lower price due to the accumulated miles.
The trial court determined that Plessy took possession of the vehicle after signing *938 various documents of ownership and that HMC allowed Plessy to leave with the vehicle, then requested additional terms. Monthly payments were set, thus indicating to the trial court that the terms of the contract were set. The trial court found that Plessy intended to possess the vehicle permanently. Considering Plessy's intent to permanently possess the vehicle and the fact that HMC authorized Plessy to take the vehicle, the trial court determined that HMC should have sought a writ of sequestration to regain the vehicle from Plessy. The trial court awarded Plessy $6,000 in general damages.
From this adverse judgment, HMC appealed. Plessy answered the appeal seeking an increase in damages.

DISCUSSION
In litigating this matter before the trial court and now before this court on appeal, the parties refer to Plessy's claim for damages as one based upon the tort of false imprisonment or false arrest. The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. Tabora v. City of Kenner, 94-613 (La.App. 5th Cir. 1/18/95), 650 So.2d 319, writ denied, 95-0402 (La.3/30/95), 651 So.2d 843. False imprisonment or arrest occurs when one arrests and restrains another against his will without warrant or other statutory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977); Anderson v. Wal-Mart Stores, Inc., 95-1026 (La.App. 5th Cir. 5/15/96), 675 So.2d 1184. Claims of false imprisonment or false arrest are commonly asserted against individuals, such as private persons or police officers, who actually detain or arrest another without authority. See Anderson v. Wal-Mart Stores, Inc., supra; Tabora v. City of Kenner, supra; Borne v. Brown, 492 So.2d 6 (La.App. 1st Cir.1986), writ denied, 496 So.2d 355 (La.1986); and Hunt v. Chapman, 458 So.2d 206 (La.App. 5th Cir.1984).
Although HMC's report to the police concerning the vehicle resulted in Plessy's arrest, HMC neither arrested nor detained Plessy. Plessy's petition does not set forth any specific theory of recovery, but merely sets forth allegations of fact and a request for damages. While Plessy's arrest and time spent in jail are certainly elements of her damages, HMC's actions do not give rise to a claim of false imprisonment or false arrest. As such, we need not address arguments raised on appeal that pertain only to the issue of false imprisonment.
In our review of this matter, we are charged to render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. Our review of the record leads us to conclude that the pleadings more appropriately set forth a claim of malicious prosecution against HMC. At issue, then, is whether the evidence supports the trial court's judgment against HMC when viewed under the principles applicable to malicious prosecution.
The elements which must be established to prevail in a malicious prosecution action are the following: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for the original proceeding; (5) the presence of malice therein; and (6) damage resulting to the plaintiff. Jones v. Soileau, 448 So.2d 1268 (La.1984); Craig v. Carter, 30,625 (La.App. 2nd Cir. 9/23/98), 718 So.2d 1068.
The first two elements are clearly established in this case. There was the commencement of a criminal proceeding against Plessy based upon the charge of unauthorized use of a movable. Furthermore, the criminal proceeding was caused by HMC's report to the police that the vehicle was stolen. We reject HMC's contention on appeal that it had no control *939 over the decision to arrest or charge Plessy with an offense, because such decisions were solely within the discretion of the police and the district attorney. Plessy's arrest and prosecution were instigated by HMC, whose representatives converted what should have been handled as a civil matter into a criminal matter by involving the police. Nothing in the record suggests that the police conducted any independent investigation into whether the vehicle was actually stolen. Rather, it appears that the police arrested Plessy based simply upon HMC's report.
The record also supports a finding that there was a bona fide termination of the criminal proceeding in Plessy's favor. The charge of unauthorized use of a movable was ultimately dismissed after Plessy pled not guilty, waived arraignment and preliminary examination, and made a number of court appearances. HMC asserts that the charge was dismissed on the same day that Plessy pled guilty to other unrelated charges and implies that the dismissal was simply part of a plea agreement. However, nothing in the record substantiates HMC's implication. The minutes from the criminal proceeding involving the unauthorized use charge were submitted into evidence and indicate only that the charge was dismissed by the district attorney on March 19, 1996. We find the dismissal of the charge against Plessy sufficient to establish a bona fide termination of the criminal proceeding. See Watson v. Church's Fried Chicken, Inc., 527 So.2d 979 (La.App. 4th Cir.1988), writ denied, 532 So.2d 135 (La.1988). While we are mindful that the Third Circuit has held in Terro v. Chamblee, 95-70 (La.App. 3rd Cir. 7/19/95), 663 So.2d 75, that no bona fide termination occurs where dismissal is "merely a procedural victory" and not a reflection of the merits of the underlying action, we decline to follow that decision for the reasons set forth in Judge Cook's partial concurrence and dissent and the cases cited therein.
The next determination to be made is whether the evidence supports a finding of an absence of probable cause for the criminal proceeding against Plessy. Probable cause does not depend merely upon the actual facts in the case, but upon the defendant's honest belief of the facts when making charges against the plaintiff. Craig v. Carter, supra; Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2nd Cir. 1975). The crucial determination is whether the defendant had an honest and reasonable belief in the guilt of the plaintiff at the time charges were pressed. Jones v. Soileau, supra; Craig v. Carter, supra.
The record establishes that HMC reported the vehicle in Plessy's possession as stolen after negotiating the sale of the vehicle with Plessy, completing documentation relating to the sale, and placing the vehicle in Plessy's possession. Hayes testified that a sale had occurred, but that HMC had not yet received funding from the finance company and would not receive any funding unless a copy of the power of attorney was provided as proof of Plessy's authority to sign for Edward J. Plessy, Jr. Plessy refused to provide a copy of the power of attorney and refused to provide a $500 down payment as an alternative to the power of attorney. Rather, Plessy insisted that the sale was final when she left the dealership with the vehicle in her possession.
Under these facts, we do not find that HMC had an honest and reasonable belief in Plessy's guilt with regard to either theft or unauthorized use at the time the vehicle was reported stolen. HMC had entered into a contractual relationship with Plessy and had solicited her business by informing her that she had been approved for an auto loan up to $17,500. The difference between the amount to be financed on the purchase of the vehicle and the amount approved for financing as per the terms of the flyer was less than $500. Although Plessy may have been less than honest in her negotiations with HMC, we do not find *940 that HMC had probable cause for reporting the vehicle as stolen.
The fifth element, malice, will be inferred when there is an absence of probable cause. Jones v. Soileau, supra. Malice exists where the charge is made with knowledge that it is false or with reckless disregard as to whether it is false. Carter v. Catfish Cabin, supra. Malice is found when the defendant uses prosecution to obtain a private advantage, such as to extort money, to collect a debt, to recover property, or to compel performance of a contract. Miller v. East Baton Rouge Parish Sher. Dept., 511 So.2d 446 (La. 1987); Spearman v. Harris, 542 So.2d 606 (La.App. 5th Cir.1989).
Here, we have already found a lack of probable cause for HMC's report of the vehicle as stolen. Furthermore, the record establishes that HMC's purpose in making such a report was to obtain a private advantage, particularly to recover possession of the vehicle and to insure that it would not lose money through its dealings with Plessy. HMC resorted to criminal prosecution to protect its interest in a civil matter. HMC's actions are particularly egregious considering its failure to act prudently when it allowed Plessy to obtain possession of the vehicle without first providing the power of attorney, which HMC claims was necessary to finalize the sale and obtain funding from the finance company. Under these circumstances, we find the presence of malice.
The element of damages is presumed when the other five elements are established. Jones v. Soileau, supra. Here, all six elements of malicious prosecution are established by the record. Although for reasons other than those expressed by the trial court, we find no error in the trial court's finding of liability on the part of HMC.
On the issue of damages, HMC contends that the award should be reduced because the trial court considered, over HMC's objection, Plessy's testimony that she lost her job as a result of the arrest. Plessy contends that the damages should be increased due to the HMC's bad faith and deliberate false acts.
The trial court is granted much discretion in awarding damages. La. C.C. art. 2324.1. The trial court's award of damages will not be disturbed on appeal unless the record reveals a clear abuse of discretion under the particular circumstances of the case. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La. 1993); Jones v. Soileau, supra. Only after an articulated factual analysis discloses abuse does guidance from prior awards become relevant. Youn v. Maritime Overseas Corp., supra; Babb v. Boney, 30,443 (La.App. 2nd Cir. 4/8/98), 710 So.2d 1132.
The facts disclose that Plessy's arrest and prosecution were improperly instigated by HMC as a result of her failure to provide a copy of a power of attorney or pay a down payment requested after completing the necessary paperwork for the purchase of the vehicle. The facts also disclose that Plessy provided false information when purchasing the vehicle. As a result of her arrest, Plessy spent five days in jail before arranging a bond. While a greater award may be permissible considering the length of time that Plessy was unnecessarily jailed, an increase in the amount awarded is not compelled by the totality of the circumstances in this case. Upon reviewing the particular circumstances of this case, we find no abuse of discretion in the trial court's award of damages in the amount of $6,000.

CONCLUSION
For the reasons discussed, we affirm the trial court's judgment awarding Dana L. Plessy $6,000 in damages. Costs are assessed against Hayes Motor Company, Inc.
AFFIRMED.