567 So.2d 755 (1990)
STATE of Louisiana, Appellee,
v.
Charles Ray WILLIAMS, Appellant.
No. 21802-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
Rehearing Denied October 25, 1990.
*756 Daryl Gold, Shreveport and Robert Alton Jones, Houston, Tex., for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Don M. Burkett, Dist. Atty. and Richard Zemry Johnson, Jr., Asst. Dist. Atty., Mansfield, for appellee.
Before MARVIN and HIGHTOWER, JJ., and JASPER E. JONES, J. Pro Tem.
HIGHTOWER, Judge.
In accordance with a plea bargain, defendant, Charles Ray Williams, responsively pled guilty to possession of cocaine, LSA-R.S. 40:967 C,[1] and reserved, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), his right to appeal the denial of a motion to suppress. After receiving a sentence of five years at hard labor, he presents this appeal asserting three assignments of error. We affirm.

FACTS
Lieutenant Robert Davidson received, at the DeSoto Parish Sheriff's Office, a call from a reliable confidential informant ("RCI") who had in the past provided details resulting in at least 15 drug arrests. The RCI related that he had just seen Charles Ray Williams with marijuana and crack cocaine on his person, that Williams could be found at his mother's house in Logansport, but that he, Williams, would be leaving for Texas within a few minutes in a certain car described as to the color, make and year.
Knowing the indicated residence to be only about a mile from the Texas state line, Lt. Davidson radioed the information involved to Deputy Alan Bounds, located in a patrol unit in Logansport, instructing him to prevent defendant from leaving the state. Several minutes later, as the RCI had foretold, defendant exited his mother's house, entered the appropriate vehicle, and drove in the direction of the indicated boundary. Deputy Bounds followed and subsequently stopped defendant as he exited a convenience store parking lot to again proceed westerly. Lt. Davidson soon arrived to find defendant standing in front of, and with his hands upon, the deputy's patrol car.
*757 Although consenting to a search of his vehicle, defendant evidenced a nervous demeanor from the moment of Lt. Davidson's arrival. During a "pat down" search of defendant's clothing, the officers discovered a plastic bag containing marijuana and crack cocaine, these being located under his cap.
Defendant subsequently moved to suppress the evidence on grounds that the seizure of the contraband resulted from a warrantless search of his person. In denying the motion, the trial court found that probable cause and exigent circumstances existed, relieving the warrant requirement.

DISCUSSION
On appeal, defendant reserves three assignments of error. One, that the sentence imposed is excessive, has not been briefed and is thus deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4. Another assignment, errors patent, has also been omitted from brief. Nevertheless, by authority of LSA-C.Cr.P. Art. 920(2), all criminal appeals are reviewable for such errors. However, none appear upon inspection of the record.
In the remaining assignment of error, defendant in effect asserts that no lawful arrest had been accomplished at the time of the search. It is also alternatively argued that, if an arrest had previously been achieved, no probable cause existed for that arrest.
LSA-C.Cr.P. Art. 213 states, in pertinent part:
A peace officer may, without a warrant, arrest a person when:
. . . .
(3) the peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer;...
Reasonable cause has been judicially recognized as equivalent to probable cause. State v. Weinberg, 364 So.2d 964 (La.1978); State v. Massey, 535 So.2d 1135 (La.App. 2d Cir.1988). Although more than mere suspicion is needed, the measure of probable cause to arrest does not require that a police officer have proof sufficient to convict. State v. Scott, 389 So.2d 1285 (La. 1980); State v. White, 543 So.2d 124 (La. App. 2d Cir.1989). It exists when facts and circumstances known to the officer, and of which he has reasonable trustworthy information, are sufficient to justify a man of ordinary caution in the belief that the person to be arrested has committed a crime. State v. Hathaway, 411 So.2d 1074 (La. 1982); State v. Hargrove, 535 So.2d 497 (La.App. 2d Cir.1988). Probable cause can be provided by information received from a confidential informant as long as, under the totality of the circumstances, the basis for the information and the reliability of the informant are established. No longer is an informant's veracity, reliability, and basis of knowledge controlling, although they are relevant factors in the examination. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
The verification of the details given to Lt. Davidson by his informant, whose past reliability had proven to be extensive, underpins the presence of probable cause in the instant case. The ability of this clandestine individual to predict future behavior demonstrated his personal knowledge of defendant's affairs. The general public would have had no way of knowing defendant would shortly leave his mother's house, get in the described car, and drive toward the Texas state line. Because the RCI's revelations had proved true on these points, the reasonableness of Lt. Davidson's belief that this informant had access to reliable information concerning Williams' illegal activities is tenable. Therefore, under the totality of the circumstances, the tip, as corroborated, justified arrest.
Having determined there existed probable cause to arrest, we turn our attention to the search of defendant's person. A search incident to a lawful arrest represents an established exception to the rule that warrantless searches are unreasonable. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Affording some protection to arresting officers *758 and preventing the loss or destruction of evidence, such a search is not unreasonable. State v. Sharp, 390 So.2d 1288 (La. 1980); State v. Wall, 440 So.2d 897 (La. App. 2d Cir.1983). Of course, to justify such an examination, a lawful arrest must have already occurred. State v. Tomasetti, 381 So.2d 420 (La.1980). Delineating when a person is arrested requires no precise time or magic statement telling an accused he is under arrest; when circumstances indicate an intent to effect an extended restraint on the liberty of the accused, an arrest has occurred. LSA-C. Cr.P. Art. 201. See also State v. Tomasetti, supra; State v. Raheem, 464 So.2d 293 (La.1985); State v. Commodore, 418 So.2d 1330 (La.1982); State v. Wilkens, 364 So.2d 934 (La.1978); State v. Sherer, 354 So.2d 1038 (La.1978).
In the case sub judice, Lt. Davidson testified that from the time the accused's detention began, he was not free to leave. Additionally, he stated Deputy Bounds physically restrained Williams prior to the search. Nevertheless, Lt. Davidson contended that no arrest had taken place until after the drugs were found. We are convinced, however, that when Lt. Davidson arrived on the scene and found Deputy Bounds physically holding defendant in check, an arrest had indeed occurred. The fact that neither law enforcement officer verbally articulated to defendant that he was "under arrest" until after the actual discovery of the drugs is not controlling. In State v. Curry, 400 So.2d 614 (La.1981), officers likewise contended they had not effected an arrest until after finding marijuana, but the court concluded it lawfully occurred earlier and justified the search.
Thus, the substances under Williams' cap were found during a search incident to a lawful arrest, one legitimated by probable cause. The trial court did not err in denying defendant's motion to suppress.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before JASPER E. JONES, MARVIN, HIGHTOWER, FRED W. JONES, Jr., and LINDSAY, JJ.
Rehearing denied.
NOTES
[1] Defendant was charged in separate bills of information with possession of a controlled dangerous substance (cocaine) with intent to distribute, LSA-R.S. 40:967 A, and possession of a controlled dangerous substance (marijuana) with intent to distribute, LSA-R.S. 40:966 A. The trial court subsequently heard and denied a motion to suppress.