648 So.2d 1293 (1995)
Karl Michael WOLFE, et al.
v.
WIENER ENTERPRISES, INC., et al.
No. 94-C-2409.
Supreme Court of Louisiana.
January 13, 1995.
Rehearing Denied February 17, 1995.
*1294 PER CURIAM.[*]
On December 30, 1983, Ruby Richard and Jeffrey Warren employees at the Florida Boulevard Shoe Town store in Baton Rouge, were robbed at gunpoint by two white males. The robbers were never apprehended. Ms. Richard was later transferred to the Shoe Town store in Baker, Louisiana.
On January 31, 1985, plaintiff Karl Michael Wolfe entered the Baker Shoe Town store where Ms. Richard was working, and Ms. Richard recognized him as one of the perpetrators of the 1983 armed robbery. Additionally, a customer in the store, Ms. Persick, approached another employee of the store, Ms. Warner, and informed Ms. Warner that she thought she had seen the outline of a gun in Mr. Wolfe's pocket. Ms. Warner approached Mr. Wolfe to investigate Ms. Persick's observations, and Ms. Warner saw what she believed to be the butt of a pistol protruding from Mr. Wolfe's pocket. After Mr. Wolfe left the Shoe Town store, he entered a K & B drugstore next to the Shoe Town store where he purchased merchandise with a check. Ms. Richard locked the door and called the East Baton Rouge Sheriff's Office in Baker to report the incident. Because the earlier armed robbery had been a City of Baton Rouge Police Department case, the East Baton Rouge Sheriff's Office called Baton Rouge Police Department Detectives Steve Woodring and Greg Phares, who had been the detectives in charge of investigating the 1983 armed robbery.
Detective Woodring went to the Baker Shoe Town store and interviewed Ms. Richard, Ms. Warren, and Ms. Persick. Ms. Richard told Detective Woodring that she was quite certain that Mr. Wolfe was one of the two people who had robbed her in 1983, and that she believed that Mr. Wolfe had also recognized her. The two other ladies confirmed that they had seen what they believed to be was a pistol in Mr. Wolfe's pocket. Though Mr. Wolfe had left the area, Detective Woodring obtained Mr. Wolfe's name and address from the check he had used to purchase merchandise in the K & B drugstore.
Before Detective Woodring left to return to the police station to fill out the paperwork necessary for an arrest warrant to be issued for Mr. Wolfe, he and the East Baton Rouge Sheriff's deputies agreed that the Sheriff's Office would maintain surveillance on Mr. Wolfe's house and would arrest him immediately if he either attempted to flee or returned to the shopping center where the Baker Shoe Town store was located. While Detective Woodring was in the process of completing the arrest warrant paperwork, Mr. Wolfe returned to the shopping center where the Shoe Town store and the K & B drugstore were located with his daughter. After Mr. Wolfe's daughter had gone into the K & B drugstore, Sheriff's Department deputies arrested Mr. Wolfe and transported him *1295 to the Baton Rouge Police Department station before Detective Woodring could complete the arrest warrant.
At the police station, Mr. Wolfe was questioned by both Detective Woodring and Detective Phares. Though Mr. Wolfe answered the detectives questions and accounted for activities that evening, the detectives were unable to contact the other eyewitness to the 1983 armed robbery, Jeffrey Warren, to identify Mr. Wolfe. The detectives, electing to act on the information they had at that time, arrested and booked Mr. Wolfe for the 1983 armed robbery. When Mr. Warren was finally contacted, he could not identify Mr. Wolfe as one of the armed robbers, and the charges against Mr. Wolfe were dropped by the District Attorney.
Mr. Wolfe filed suit against Detectives Woodring and Phares and, under the doctrine of respondeat superior, the City/Parish,[1] alleging that the detectives were liable because they had failed to follow proper police procedures and, given the totality of the circumstances which existed at the time, could not have reasonably considered that they had probable cause to arrest Mr. Wolfe. After trial,[2] the court found Detectives Woodring and Phares negligent and attributed twenty-one percent (21%) to each. The trial court concurred in the jury award to Mr. Wolfe of eighty-eight thousand dollars ($88,000.00) in damages. Judgment was rendered against Detectives Woodring and Phares for eighteen thousand eight hundred forty dollars ($18,840.00) each, plus interest and specifically allocated costs. The City/Parish was held liable in solido with Detectives Woodring and Phares. On appeal by Detectives Woodring, Phares, and the City/Parish, the court of appeal affirmed, finding no error in the trial court's decision. Wolfe, et al. v. Wiener Enterprises, Inc., et al., 93-1881 (La.App. 1st Cir. 8/25/94), 642 So.2d 327. Detectives Woodring, Phares, and the City/Parish applied for writs in this Court and, for the following reasons, we now reverse the lower courts and dismiss plaintiffs' claims against Detectives Woodring, Phares, and the City/Parish.
La.Code Cr.P. art. 213(3) provides, in pertinent part:
A peace officer may, without a warrant, arrest a person when:
* * * * * *
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer....
This Court has considered the meaning and proper application of La.Code Cr.P. art. 213(3) on several occasions, most notably in Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). In Kyle, this Court held that the "reasonable cause to believe that the person to be arrested has committed an offense" referred to in La.Code Cr.P. art. 213(3) "exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to justify an average man of caution in the belief that a felony has been committed." Kyle, 353 So.2d at 971.
Based on the information known to the officers at the time, we believe it is apparent that Detectives Woodring and Phares did have probable cause to arrest Mr. Wolfe for the 1983 armed robbery. Detectives Woodring and Phares knew that a crime, the 1983 armed robbery, had been committed.[3] An eyewitness to and victim of the armed robbery, Ms. Richard, positively identified Mr. Wolfe as one of the armed robbers, and also conveyed to Detective Woodring her belief that Mr. Wolfe had recognized her as well. A customer in the store, Ms. Persick, told *1296 Detective Woodring that she thought she had seen the outline of a gun in Mr. Wolfe's pocket. Another employee of the store, Ms. Warner, also told Detective Woodring that she had seen what she believed to be was the butt of a pistol protruding from Mr. Wolfe's pocket. Detective Woodring was unable to contact the other eyewitness to the 1983 armed robbery to attempt to verify Ms. Richard's identification of Mr. Wolfe as one of the armed robbers. Interrogation of Mr. Wolfe revealed that he was employed and a business owner, that he lived a short distance from the shopping center in which the Baker Shoe Town store was located, and that he had a family. Mr. Wolfe maintained his innocence and gave the detectives an innocent explanation of his activities on the night of his arrest.
"If police officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest or imprisonment." Kyle, 353 So.2d at 971. As Detectives Woodring and Phares had probable cause to arrest Mr. Wolfe for the 1983 armed robbery, they cannot, as a matter of law, be liable for the wrongful arrest of Mr. Wolfe. See also Mathieu v. Imperial Toy Corporation, Et Al, 94-C-0952 (La. 11/30/94); 646 So.2d 318. We therefore reverse the rulings of the lower courts in this matter and dismiss plaintiff's suit against defendants.
LEMMON, J., would grant and docket.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Victory, J. was not on the panel which heard and decided this case.
[1] Mr. Wolfe also named other defendants who either settled before trial or whose alleged liability is not at issue in this appeal.
[2] The proceedings against all the named defendants were bifurcated. The trial was a jury trial as to the non-governmental defendants and a bench trial as to the governmental defendants and law enforcement officers.
[3] In State v. Collins, 378 So.2d 928, 930 (La. 1979), this Court stated:

One of the most important elements in determining whether probable cause existed is satisfied when the police know a crime has actually been committed. When a crime has been committed and the police know it, they only have to determine whether there is reasonably trustworthy information to justify a man of ordinary caution in believing the person to be arrested has committed the crime.