JiKLEES, Judge.
Plaintiff William A. Hays, Jr., appeals the summary judgment of the city court, which refused to further consider Hays’ claims of false imprisonment and false prosecution against defendants Karl Hansen, Jr., and Anthony V. Ligi, Jr. Upon our review of the record, we affirm.
In June of 1994, .attorneys Hansen and Ligi, acting on behalf of the state of Louisiana, filed a Petition to Have Assessment Made Executory and a Motion to Examine Judgment Debtor against Direct Tire Sales, Inc. This corporation had apparently failed to pay unemployment compensation contributions due to the state. Public record showed that William A. Hays was officer, director and agent for service of process for Direct Tire Sales. Therefore, the citation and summons were served upon William A. Hays on July 12,1994.
The Motion to Examine Judgment Debtor clearly designates Direct Tire Sales as the judgment debtor; at the end, the motion *5 orders William A. Hays, officer of Direct Tire Sales, to appear “to be examined as a judgment debtor.”
After receipt of the summons, Hays contacted the defendants’ office. Hays was told that he needed to provide a statement attesting to the status of Direct Tire Sales, and to do so before August 9, 1994. Hays either was not told or did not understand that this statement needed to be notarized. In either ease, by August 9, no notarized statement had been sent to Hansen and Ligi. He also failed to appear at the judgment debtor rule. Accordingly, a writ was filed for his arrest, and so ordered.
The next day, Hansen and Ligi sent a letter to Hays informing him of the writ of attachment for his arrest; upon receiving this letter, Hays contacted them band was told that the attachment could not be satisfied until he had provided the notarized statement; Hays agreed to provide this promptly.
Accounts differ as to when Hansen and Ligi did receive the notarized statement from Hays. However, by August 16,1994, Hansen and Ligi had the attestation and acted upon it, filing their motion to recall the attachment for his arrest. Unfortunately, that same day, the attachment had been executed; Hays was arrested and taken to central lockup for a few hours, suffering all the attendant indignities.
Thereafter, William Hays and his wife Patricia filed a Petition for Damages against Hansen and Ligi, seeking recovery for breach of professional obligation and for tor-tious acts leading to the false imprisonment of Hays. Hansen and Ligi denied any liability in their answer, and filed for summary judgment, which was granted by the trial court. From this judgment Mr. and Mrs. Hays appeal.
Although their original suit alleges no specific cause of action, the primary basis of Hays’s suit lies in theories of false imprisonment. This tort has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. A false imprisonment occurs when arrest is made either without any legal process or warrant, or under a warrant null and void upon its face. However, if a person is arrested pursuant to a valid warrant, there is no false imprisonment. Patin v. Duplessis Pontiac-Buick-GMC, 632 So.2d 790, 792 (La.App. 1 Cir. 1993).
Hays strongly questions the validity of the warrant for his arrest. Although the actual judgment debtor was Direct Tire Sales, not Hays himself, the arrest warrant was issued upon ‘William A Hays, a judgment debtor.” Hays alleges that this is the result of direct misrepresentation by Hansen and Ligi, and argues that the warrant is therefore based on inaccurate information and is invalid.
|3We disagree. Although the identification of Hays as the judgment debtor is in error, this is an error in title only. Hays was arrested for his failure to appear before the court after having been personally served with notice. The arrest warrants are prepared forms, with blanks for filling in proper names. Hays’s name was put in this blank without any indication that he was not, in fact, the judgment debtor, but the cause behind his arrest stands. This minor error does not affect the warrant’s validity, and thus Hansen and Ligi are not liable for false arrest.
Hays further argues that, in fact, he had never been properly ordered to appear. Direct Tire Sales was at all times the judgment debtor; he was served with notice that Direct Tire Sales was being sued, but argues that his presence was not appropriately demanded.
Judgment creditors may examine the judgment debtor, his books, papers or documents, upon any matter relating to his property. La. C.C.P. Art. 2451(A). In aid of the execution of this judgment, the judgment creditor may also examine any person upon any matter relating to the judgment debtor’s property. La. C.C.P. Art. 2451(B). Under these articles, Hays was clearly subject to examination as the officer and representative of Direct Tire Sales.
However, Hays points to the fact that the Motion to Examine Judgment Debtor states that he was ordered to appear to be “exam *6 ined as a judgment debtor.” He argues that he is being inappropriately substituted for the actual judgment debtor, and points out that he was never separately subpoenaed to appear.
The “Motion to Examine Judgment Debt- or,” however, is clearly filed against Direct Tire Sales, not Hays as an individual. Service was made to him in his capacity as agent, and he was ordered to appear in his capacity as officer. Obviously, an officer would be needed to stand in for Direct Tire Sales at this ^examination; corporate debtors can only testify through officers. R.J. Gallagher v. Lent, 361 So.2d 1232 (La.App. 1 Cir.1978), writ refused, 364 So.2d 122 (La. 1978.) Although subpoenas may be issued to compel testimony from corporate officers, we find that the order issued in the “Motion to Examine Judgment Debtor” was sufficient to alert Hays that he was required to appear.
In his original petition for damages, Hays asserted that Hansen and Ligi had breached their professional obligation to him. However, the law is quite clear that attorneys owe a client’s adversary no duty other than to refrain from intentional, tortious conduct. See Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, Jones v. Simonson, 292 So.2d 251 (La.App. 4 Cir.1974.) Hays has faded to demonstrate the elements of any intentional tort, and therefore cannot sue Hansen and Ligi for any breach of duty.
For the reasons assigned above, the trial' court’s judgment is affirmed.

AFFIRMED.

LANDRIEU, J., concurs.