11WALTZER, Judge.
The prosecution invokes our supervisory jurisdiction to review the ruling of the trial court pertaining to the admissibility of an inculpatory statement and evidence seized pursuant to that statement.
The defendant is charged with a violation of LSA-R.S. 14:402 relative to possessing contraband in jail. The trial court found probable cause to bind the defendant over for trial, and granted motions to suppress the confession and evidence. An oral motion to quash filed by the defense was denied.

STATEMENT OF THE FACTS

At the motion to suppress the evidence and the statement, Deputy Sidney Holt testified that he was a detective with the Criminal Sheriffs office and that he was called in order to investigate an altercation between inmates which involved a weapon and injuries to Dennis Dixon. Dixon identified Nathaniel Lagarde and the defendant, Tommy Cage, as the perpetrators. When Deputy Holt interviewed Lagarde, Lagarde admitted his involvement but denied that he had a weapon; he also confirmed that the defendant was the other inmate involved in the fight. After completing his interview with inmates Dixon and Lagarde, Deputy Holt interviewed the defendant. Deputy Holt testified that he was attempting to determine the defendant’s role in the incident, and because he considered this part of an “internal investigation” he did not inform the ^defendant of his Miranda rights. The defendant admitted that he had the weapon. After the defendant told the deputy that he had the weapon, the deputy advised the defendant of his Miranda rights. The defendant then told Deputy Holt that the weapon was hidden in his cell and showed him the exact location.

DISCUSSION AND ANALYSIS

The prosecution argues that the defendant waived his Miranda rights, because he made the inculpatory statement after he had been advised of his right to remain silent, and that the weapon he pointed out to the deputy would inevitably have been discovered, hence the trial court’s ruling suppression both the statement and the evidence was in error. *272 The prosecution further addresses the issue whether the deputy was required to contact the defendant’s counsel who represented him in his first degree murder trial pending which the defendant is incarcerated.[1]
The trial court found, that at the time the defendant admitted his involvement in the incident and his possession of the weapon, he was already a suspect who was going to be arrested on a felony charge, and thus had a right against self-incrimination. The trial court also suppressed the weapon, presumably under the “fruit of the poisonous tree” doctrine. The alleged failure to contact the defendant’s trial attorneys prior to questioning of the defendant, was never addressed or argued at the hearing, but it was incorporated in the written motion to suppress filed on behalf of the defendant.
JaWe agree with the prosecution that this last argument has no merit under McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); See State v. Kimbrough, 94-2141 (La.App. 4 Cir. 4/24/96), 673 So.2d 1187.

THE ADMISSIBILITY OF THE DEFENDANT’S STATEMENT

In the instant case, Deputy Holt interrogated the defendant, after the deputy had already interviewed the victim, Dixon, and the other perpetrator, Lagarde. Both had identified the defendant as a participant in a stabbing. In fact, Deputy Holt admitted that he intended to arrest whomever was responsible for the stabbing of Dixon. When the questioning began, the defendant was a suspect. Lagarde had already told Deputy Holt that because he (Lagarde) did not have the weapon during the fight, it must have been the defendant. Thus, the interrogation of the defendant was not an on the scene initial attempt to find out what happened; instead it was designed to determine the extent of the defendant’s participation. Because the defendant’s Fifth Amendment rights had attached prior to any questioning by Deputy Holt, the trial court’s ruling suppressing the statement was correct.

THE ADMISSIBILITY OF THE WEAPON

The weapon seized as the result of a tainted confession does not have to be suppressed under the circumstances of this case. We believe that the prosecution has established by the preponderance of the evidence that the evidence herein ultimately or inevitably would have been discovered; State v. Knapper, 626 So.2d 395 (La.App. 4 Cir. 1993), writ denied 93-2950 (La.1/28/94), 630 So.2d 798. In the instant case, the physical evidence, a knife fashioned from a six-inch nail, was found in a shampoo bottle in the defendant’s jail cell. It is well settled that a prisoner has no reasonable ^expectation of privacy in his cell and the Fourth Amendment protection does not apply to a search of a cell. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). See also State v. Davis, 96-1659 (La.App. 4 Cir. 11/27/96), 684 So.2d 540, unit denied 96-3093 (La.2/7/97), 688 So.2d 508, in which this court analogized the back of a police car to a jail cell and found that an arrestee had no reasonable expectation of privacy in the police car. Therefore, the contraband found in the defendant’s cell is admissible under the inevitable discovery rule.

CONCLUSION

The trial court’s ruling on the motion to suppress the physical evidence is hereby REVERSED. The trial court’s ruling concerning the admissibility of the inculpatory statement is hereby AFFIRMED.
APPLICATION FOR WRIT OF CER-TIORARI GRANTED INPART AND DENIED IN PART. TRIAL COURT’S RULING ON THE MOTION TO SUPPRESS INCULPATORY STATEMENT AFFIRMED; TRIAL COURT’S RULING ON THE MOTION TO SUPPRESS THE EVIDENCE REVERSED.

. The defendant has not sought our supervisory jurisdiction concerning the denial of the motion to quash or whether the deputy should have notified trial counsel prior to interviewing the defendant, who was held in Parish Prison on an unrelated charge.