703 So.2d 130 (1997)
STATE of Louisiana
v.
Sandra BALLON, Robert L. Boudreaux and Keith S. Balin.
No. 97-K-2036.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1997.
Harry F. Connick, District Attorney, David Bravo, Assistant District Attorney, Brandi Hilden, Law Clerk, New Orleans, for State.
Graham da Ponte, New Orleans, for Defendant.
Before KLEES, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
The State requests a review of the trial court's ruling which granted the defendants' motion to suppress. We reverse and remand.
The trial court held two hearings on the defendant's motion to suppress at which the State's witnesses testified. On May 16, 1997, Officer Jeff Robinson, who was assigned to Narcotics, testified that, on June 14, 1996, the police received information that two people, a white male and a white female, were dealing prescription drugs and marijuana from a residence on Marquis Street. The tip came from a confidential informant who had been used "sparingly" in the past. Based on the information received, several officers commenced a surveillance of the residence. The defendant Sandra Ballon and defendant Robert Boudreaux, a black male, were observed leaving the house. A portion of the surveillance team followed them to a pharmacy on Bullard Road, approximately one mile from the house. One of the undercover officers also entered the pharmacy where he observed Mr. Boudreaux pick up a filled prescription. Ms. Ballon had already entered and exited the pharmacy but had not gone near the pharmacy counter.
After both the subjects left the pharmacy, the undercover officer spoke with the pharmacist. At the officer's request, the pharmacist Kevin Dufour took steps to determine whether the prescription obtained by Boudreaux was legitimate. It took approximately five minutes for the pharmacist to determine that the prescription was not valid.
After the pharmacist confirmed that the prescription was fraudulent, the undercover officer radioed the officers who had maintained the surveillance of the vehicle and relayed the information he had obtained. However, the officers had already stopped *131 the Ballon vehicle approximately one-half mile from the pharmacy.
Ms. Ballon and Mr. Boudreaux were formally arrested. Ms. Ballon signed a form consenting to the search of the residence. That search resulted in the seizure of blank prescription pads and many empty prescription bottles. Mr. Balin, who was in the house when the officers arrived, was also placed under arrest.
After the defendants' arrests, Robert Boudreaux gave a statement to Detective Nides, who was the narcotics officer who handled prescription fraud cases. That statement clearly inculpated Mr. Balin.
On November 6, 1996, the State filed a bill of information charging each defendant with one count of violating La. R.S. 40:971 B relative to obtaining drugs with a false prescription. On August 1, 1997, the trial court granted the defendants' motion to suppress evidence and the State's writ application followed.
The trial court stated that, after a review of the transcripts and memorandum, it agreed with the defense that "the officers at the time they made the initial stop in this matter did jump the gun. They had not, at that point, made the determination that the script involved was invalid."
In its writ application, the State argues that, at the time the officers stopped the vehicle, they had reasonable suspicion to support an investigatory stop. However, whether or not the officers had reasonable suspicion to initiate an investigatory stop or probable cause for an arrest, the evidence need not be suppressed if it would have inevitably been discovered on lawful grounds. As this Court stated in State v. Knapper, 626 So.2d 395, 396 (La.App. 4 Cir.1993), writ denied 93-2950, 630 So.2d 798 (La.1994):
In Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the United States Supreme Court adopted the "inevitable discovery" doctrine, holding that evidence found as a result of a violation of a defendant's constitutional rights, would be admissible "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered." The so-called "inevitable discovery doctrine" has been followed by Louisiana courts. State v. Nelson, 459 So.2d 510 (La.1984), cert den., Nelson v. Louisiana, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 322 (1985); State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986).
See also State v. Cage, 97-1091 (La.App. 4 Cir. 6/11/97), 696 So.2d 270.
In this case, the undercover officer confirmed that Robert Boudreaux had obtained drugs with a fraudulent prescription. He and Ms. Ballon were seen leaving the target residence immediately before the drugs were obtained. They were en route back to the residence when the officers confirmed the criminal activity. The officers had probable cause, after the pharmacist verified the fraudulent prescription, to arrest Robert Boudreaux and obtain a warrant for the residence. The evidence ultimately would have been discovered lawfully.
Accordingly, the ruling of the trial court is reversed, and the defendant's motion to suppress is denied. The case is remanded for further proceedings.
REVERSED AND REMANDED.