| .PER CURIAM.
On three separate occasions in December 1995, the defendant, Anthony Tracy Jones, robbed the same convenience store in Shreveport. He brandished a knife on the first two occasions. On the first occasion, he also stole a car from a patron of the store. The facts of the case were reported in detail in State v. Jones, 31,613 (La.App.2d Cir.4/1/99), 733 So.2d 127, writ denied, 99-1185 (La.10/1/99), 748 So.2d 434.
This court previously affirmed the convictions of the defendant for two counts of armed robbery and one count of carjacking. We also affirmed his adjudication as a fourth felony offender and the resulting life sentence. However, noting insufficiency of evidence to support the jury’s finding of guilty of first degree robbery, we entered a finding of guilty of simple robbery. The matter was remanded for sentencing on the amended finding of guilty of simple robbery and for sentencing on the carjacking conviction and on the second armed robbery conviction due to the trial court’s failure to impose separate sentences for those convictions.[1]
On remand, the trial court imposed concurrent sentences of 15 years for carjacking, 20 years for armed robbery and five years for simple robbery. Following the denial of his timely motion for reconsideration, the defendant appeals those sentences as excessive. He argues that the trial court failed to adequately consider that his conduct caused no serious or physical harm, that his prior history is nonviolent, as well as other nonspecified mitigating circumstances. For the reasons set forth below, we affirm the defendant’s sentences.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a | ¡.sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
At the sentencing proceeding, the trial court considered the facts of the case, the defendant’s criminal history, the nature of the present convictions, and the defendant’s inability to refrain from criminal activity. The defendant’s prior convictions are as follows: April 1991, attempted distribution of cocaine; October 1991, distribution of cocaine; and July 1994, possession of cocaine. Thus, the defendant is a fourth felony offender who, on three separate occasions in a 16-day period, created deadly situations while committing robberies in which the victims and bystanders could have been injured or killed. The trial court granted leniency to the defendant by directing that all the sentences be served concurrently.
There is no showing of a manifest abuse of discretion. The defendant’s claim that the sentences are excessive is without merit. The sentences imposed for carjacking and armed robbery are, in fact, illegally lenient since the trial court faked to direct that they be served without benefit of parole. However, because the state failed to appeal this sentencing error, this court may not correct this illegality nor may we remand the matter for re-sentencing. State v. Fraser, 484 So.2d 122 (La. *330 1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679.
Accordingly, we affirm the sentences imposed by the trial court.
AFFIRMED.

. The multiple felony offender proceeding in which the defendant received a life sentence used one of the instant armed robbery convictions as the fourth felony conviction.