759 So.2d 1032 (2000)
Beverly RODRIGUEZ, Plaintiff-Appellant,
v.
Sheriff Larry C. DEEN and The Bossier Parish Sheriff's Office, Defendants-Appellees.
No. 33,308-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2000.
*1033 Guerriero & Guerriero by Joe D. Guerriero, Monroe, Counsel for Appellant.
Cook, Yancey, King & Galloway by Edwin L. Blewer, James R. Sterritt, Gregg A. Wilkes, Shreveport, Counsel for Appellees.
Before BROWN, PEATROSS & KOSTELKA, JJ.
PEATROSS, J.
This appeal arises from the arrest of Beverly Rodriguez by Bossier Parish sheriffs deputies. Ms. Rodriguez filed suit against Sheriff Larry C. Deen, Deputies Tom Myrick, Charles Cook, Charles Scholtz and the Bossier Parish Sheriffs Office ("Appellees") alleging wrongful arrest and false imprisonment. The trial court granted a motion for summary judgment in favor of Appellees. Ms. Rodriguez appeals. For the reasons stated herein, we affirm.

FACTS
On August 27, 1997, Ms. Rodriguez was arrested pursuant to a warrant charging her with violating La. R.S. 14:25, Accessory After the Fact. The record reveals that Ms. Rodriguez' brothers, Billy and James Cobb, were wanted by the Bossier Police on various burglary charges. The brothers had a history of criminal activity in north Louisiana and officers had reason to believe that Billy had committed a burglary in Bossier Parish in the early morning hours of Sunday, August 24, 1997. Billy had provided the address of Ms. Rodriguez' as his address on a prior release from prison and the two were staying together with Gary McBrayer, Ms. Rodriguez' boyfriend, at his trailer in Shreveport during the weekend of August 23 and 24.
The investigation of the August 24th burglary led officers to Earl Akin, who was a witness to events involving the burglary. In a statement to officers, Mr. Akin indicated that he had been at Mr. McBrayer's trailer on the night of the burglary. Ms. Rodriguez, Billy Cobb and his girlfriend, Jennifer Belle Alexander ("Belle"), were also at the trailer according to Mr. *1034 Akin. Mr. Akin stated that he had allowed Ms. Rodriguez and Mr. McBrayer to use his vehicle on Saturday evening before the August 24th burglary and that Billy had access to the keys to the vehicle. He further stated that he had seen Ms. Rodriguez assisting Billy with inventorying and disposing of items taken during the burglary on Sunday morning.
During questioning of Ms. Rodriguez at her residence in Ouachita Parish, Ms. Rodriguez maintained that she did not know where her brothers could be found. She suggested to deputies that they contact her daughter, Jennifer Kelly (who was incarcerated in Winnfield for burglary) to ascertain the location of Billy and James. Ms. Kelly informed the officers that she could provide the information, but that she needed to telephone her mother to find out where the brothers were. After making that telephone call, Ms. Kelly provided officers with a telephone number, which, when traced, led the officers to James, who was arrested at that time. Billy, however, remained at large. Thereafter, Detective Tom Myrick executed an affidavit of arrest, which included the above-described information; and a warrant was issued by Judge Bolin for Ms. Rodriguez' arrest.
At the arraignment, the trial court appointed the Indigent Defender Board ("IDB") to represent Ms. Rodriguez. The IDB, however, was never notified of the appointment; and, therefore, no attorney ever went to meet with Ms. Rodriguez. After being incarcerated for 19 days, the charges against Ms. Rodriguez were dropped and she was released.[1] As previously stated, Ms. Rodriguez filed suit alleging unlawful arrest and false imprisonment. Appellees filed a motion for summary judgment, arguing that the arrest and imprisonment were based on probable cause and were made pursuant to a facially valid warrant. The trial court agreed, finding that the information available to the arresting officers included facts and circumstances which showed that the arresting officers had probable cause to believe that Ms. Rodriguez was involved in criminal activity. The trial court granted the motion and dismissed Ms. Rodriguez' claims.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). The summary judgment procedure is now favored to secure the just, speedy and inexpensive determination of all except certain disallowed actions. Acts 1996, 1st Ex.Sess., No. 9. Under La. C.C.P. art. 966, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the mover is entitled to judgment as a matter of law. The mover has the burden of establishing an absence of a genuine issue of material fact. A fact is material if its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Curtis v. Curtis, 28,698 (La.App.2d Cir.9/25/96), 680 So.2d 1327.
The sole issue before this court is whether the arrest of Ms. Rodriguez was lawful, i.e., whether the arrest warrant was properly issued and/or the officers had probable cause to arrest her. While the *1035 record contains much more detail, the only evidence relevant to this determination is the knowledge of the officers at the time of the arrest.
If a person is arrested pursuant to a valid warrant, there is no false arrest and no false imprisonment. Hays v. Hansen, 96-1903 (La.App. 4th Cir.3/19/97), 692 So.2d 3. We conclude that the trial judge properly found that probable cause existed to arrest Ms. Rodriguez and that the warrant, therefore, was valid. Furthermore, even if the information contained in the affidavit of arrest was insufficient to support the warrant, when officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest or imprisonment. Wolfe v. Wiener Enterprises, Inc., 94-2409 (La.1/13/95), 648 So.2d 1293; Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). Since we find that, based on the totality of the circumstances, the officers had probable cause, independent of the warrant, to arrest Ms. Rodriguez, the officers cannot, as a matter of law, be liable for false arrest and imprisonment.

THE ARREST WARRANT
Deputy Tom Myrick evaluated the facts in this matter and prepared the affidavit of arrest which he presented to the trial judge. The affidavit stated:
During the months of February through April 1997 Bossier Parish Merchants suffered numerous burglaries where the money that was in video poker machines was stolen. During the investigation brothers James and William Cobb were developed as suspects in the crimes. During the week of July the 1st 1997, Detectives Myrick and Scholz interviewed Beverly Cobb Rodriguez at her home in West Monroe, La. She was advised at that time that both her brothers James and William were felony fugitives from Bossier, Webster, Lincoln, and Red River Parishes as well as the Department of Corrections, for Parole Violation. On 07/11/97, James Cobb was arrested by Bossier Sheriff Detectives, however William Cobb was able to escape capture. On the morning of 08/24/97 a business burglary occured [sic] in South Bossier Parish. Witnesses to the crime were able to obtain a license of the vehicle used in the burglary when it left the scene, driven by a white female, with a white male as a passenger. The owner of the vehicle stated that they had loaned it to a white male named Earl Akins, who when questioned stated that he had driven the car to a friends house. Once there he allowed a white male known to him as "Billy" to use the car during the late night hours of Saturday 08/23/97 and early morning hours of Sunday 08/24/97. William Cobb is also known as Billy Cobb, and when shown a 6 picture photo lineup, Akins picked William Cobb as the white male who had used the car. Akins also stated that spending the weekend with the friend was Cobb's sister Beverly Cobb Rodriguez. Akins stated that Cobb told him that he was a fugitive for burglaries, and was staying with Beverly Cobb Rodriguez in Monroe.
On the morning of 08/27/97 Probation and Parole Agents went to Beverly Cobb Rodriguez' house and were unable to locate William Cobb. Beverly Cobb Rodriguez was present and is being questioned at the Sheriff's Office in Monroe at this time. From the statements that Akins has made to investigators, it is felt that Beverly Cobb Rodriguez, brought William Cobb to Bossier Parish, knowing he was a fugitive, and may have assisted in the South Bossier Parish burglary of 08/24/97.
Based on the affidavit, the trial judge found that probable cause existed to arrest Ms. Rodriguez and issued the warrant of arrest. As previously stated, the arrest warrant charged Ms. Rodriguez with the crime of Accessory After the Fact, which is defined in La. R.S. 14:25 as follows:
An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, *1036 knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.
We find that the affidavit of arrest contained facts supporting each of the elements of the crime charged. First, the fact that a felony had been committed is supported by the statement in the affidavit that numerous burglaries of video poker machines had taken place in north Louisiana and, specifically, that a business had been burglarized on August 24, 1997, in South Bossier Parish. Second, the affidavit reflects that Mr. Akin provided information in his statement to officers that Ms. Rodriguez spent the weekend of the South Bossier burglary with Billy, that Billy had been staying with her in Monroe and that she was providing transportation to Billy. These facts support the element of harboring, concealing or aiding the offender. Third, the officers interviewed Ms. Rodriguez on multiple occasions and specifically informed her that Billy was a fugitive. Finally, we believe that the affidavit supports the finding that Ms. Rodriguez had the intent that Billy avoid arrest because, on numerous occasions, she had denied to officers having knowledge of his whereabouts. The officers, however, discovered that, to the contrary, Billy had been living with Ms. Rodriguez and that her answers to officers' questions regarding Billy's whereabouts had been untruthful. Faced with the above information, which was contained in the affidavit of arrest, the trial court issued a valid warrant for the arrest of Ms. Rodriguez.

PROBABLE CAUSE
Based on the information available to officers at the time of her arrest, we further find that probable cause existed to arrest Ms. Rodriguez independent of the arrest warrant. La.C.Cr.P. art. 213 states, in pertinent part:
A peace officer may, without a warrant, arrest a person when:
* * *
(3) the peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer;...
See also State v. Tasby, 26,103 (La.App.2d Cir.6/24/94), 639 So.2d 469, writ denied, 94-2256 (La.1/13/95), 648 So.2d 1336. Reasonable cause has been judicially recognized as equivalent to probable cause. State v. Williams, 567 So.2d 755 (La. App.2d Cir.1990), writ denied, 573 So.2d 1133 (La.1991). Although more than mere suspicion is needed, the measure of probable cause to arrest does not require that a police officer have proof sufficient to convict. Id.; State v. Collins, 378 So.2d 928 (La.1979), cert. denied, 447 U.S. 928, 100 S.Ct. 3025, 65 L.Ed.2d 1122 (1980). The determination of probable cause involves factual and practical considerations of everyday life on which average men and, particularly, average police officers, can be expected to rely. State v. Franks, 31,641 (La.App.2d Cir.2/24/99), 730 So.2d 998, citing State v. Simms, 571 So.2d 145 (La. 1990).
Probable cause is based on the totality of the circumstances. Illinois v. Gates, 426 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Specifically, probable cause exists if, at the moment an arrest is made, the totality of the facts and circumstances within an officer's knowledge is sufficient to justify an average man of caution in believing that the arrestee had violated or was violating the law. Wolfe, supra; State v. Jones, 31,613 (La.App.2d Cir.4/1/99), 733 So.2d 127, writ denied, 99-1185 (La.10/1/99), 748 So.2d 434, appeal after remand, 33,008 (La.App.2d Cir.12/22/99), 750 So.2d 328. It is a fluid concept which turns on the assessment of probabilities in particular factual contexts. Illinois, supra.
The facts essential to establishing probable cause must be contained in the affidavit and the issuing judge's determination *1037 of probable cause is entitled to great deference on review. State v. Klar, 400 So.2d 610 (La.1981); State v. Harlan, 556 So.2d 256 (La.App. 2d Cir.1990), writ denied, 561 So.2d 115 (La.1990); State v. Wood, 457 So.2d 206 (La.App. 2d Cir.1984).
The following facts, which have not been disputed by Ms. Rodriguez, were known to the officers prior to the arrest of Ms. Rodriguez:
1. Ms. Rodriguez knew that Billy Cobb was a felony fugitive.
2. A burglary had occurred during the morning hours of August 24, 1997, in South Bossier Parish.
3. Billy Cobb and a white female committed the burglary and were driving the vehicle owned by Earl Akins' girlfriend, which Mr. Akins had allowed Billy to use.
4. Ms. Rodriguez was with Billy at Mr. McBrayer's trailer Saturday night before the burglary and both had access to the vehicle which was used in the burglary.
5. Ms. Rodriguez was at the trailer Sunday morning after the burglary, at which time Billy discussed having committed the burglary.
6. Ms. Rodriguez helped Billy count and dispose of items taken during the burglary.
7. Billy lived with Ms. Rodriguez in Monroe and Ms. Rodriguez had transported Billy between Monroe and Shreveport/Bossier.
8. Ms. Rodriguez was not truthful with officers regarding her knowledge of the whereabouts of Billy.
We find that the above facts support a finding of probable cause to arrest Ms. Rodriguez on the charge of accessory after the fact. Furthermore, we note that probable cause does not require that the officer's belief is correct or that it is more likely true than false. Illinois, supra. An officer need only have a reasonable basis for believing that his information and conclusions are correct. Ms. Rodriguez argues that the officers in this case had ill motives and arrested her in bad faith, in an attempt to "squeeze" her for information regarding the whereabouts of her brothers. Probable cause, however, is measured by an objective standard of reasonableness. Subjective mistakes and alleged ill motives are irrelevant to a determination of probable cause. Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); State v. Collins, supra. Given the totality of the circumstances, we conclude that there was an objectively reasonable basis for probable cause to arrest Ms. Rodriguez.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Appellees and dismissing Ms. Rodriguez' claims is affirmed. Costs are assessed to Appellant, Beverly Rodriguez.
AFFIRMED.
NOTES
[1] Ms. Rodriguez devotes much of her argument to events which occurred subsequent to her arrest, including her incarceration, the failure to notify the IDB of her need for an attorney and the amount of the bond which was set by the trial court. We note, however, that our inquiry regarding the lawfulness of her arrest and subsequent incarceration is limited to the facts known to the officers at the time of her arrest. Since we find that the arrest was lawful, any alleged improprieties on the part of the Appellees after the arrest will not be considered.