796 So.2d 719 (2001)
Lisa M. HARRIS, Plaintiff-Appellant,
v.
ECKERD CORPORATION and the Police Department of the City of Minden, Louisiana, Defendants-Appellees.
No. 35,135-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*720 Jack W. Slaid, Lisa M. Harris, Counsel for Appellant.
Kenneth Mascagni, Shreveport, Counsel for the City of Minden.
Abrams & Lafargue, by Reginald W. Abrams, Shreveport, Counsel for Eckerd Corporation and Jackie Weaver.
Before STEWART, CARAWAY and DREW, JJ.
CARAWAY, J.
Following a pharmacy's mistaken telephone communication with a doctor who had not treated the plaintiff, this action *721 was brought against the pharmacy for falsely accusing plaintiff of obtaining a prescription drug by fraud. Plaintiff also sued the city for false arrest. Following a motion for summary judgment, the trial court dismissed the city from the suit, and plaintiff appeals. We affirm.

Facts
Lisa M. Harris ("Harris"), individually and on behalf of her three children, instituted this action for damages stemming from her arrest and detention for allegedly obtaining prescription drugs by fraud. Made defendants in Harris's petition are Eckerd Corporation, an Eckerd pharmacist, Jackie Weaver ("Weaver") and the City of Minden (the "City").
On October 1, 1997, Harris contacted her doctor and requested a refill for a prescription drug, Ultram. Dr. Randy Ritcher agreed to phone in the prescription to an Eckerd drug store in Minden. According to Weaver, Ultram is a legend drug[1] and subject to abuse. After receiving the initial call regarding the prescription, Connie Mabile ("Mabile"), another Eckerd pharmacist, decided to further verify the prescription by telephoning Dr. Ritcher's office. Unfortunately, Mabile mistakenly telephoned the office of a different Dr. Ritcher. Mabile was informed that Dr. Ritcher was out of the country, and that the prescription was not authorized.
Based upon the information of the suspected unauthorized prescription, Weaver contacted the Minden Police Department and spoke to Officer Scott Tucker. Officer Tucker instructed Weaver to fill the prescription and call him when someone arrived to claim it. Officer Tucker testified that, after his initial conversation with Weaver, he did not attempt to check Harris's background to determine whether she had a criminal record.
A short time later, Harris and her three children went to Eckerd to pick up the medication. Officer Tucker was contacted and arrived at the store before Harris was allowed to leave with the Ultram prescription. When Harris exited the store, Officer Tucker and another police officer, Officer Kurt McGowan, approached her. Officer Tucker informed Harris that he was notified by the pharmacist that she just received the medication with a fraudulent prescription. He read her the Miranda rights. Harris protested and informed the officer that a nurse named "Penny" handled the prescription for Dr. Ritcher. Officer McGowan remained with Harris and her children, while Officer Tucker went into Eckerd to again speak with Weaver. Weaver denied contact with the nurse identified by Harris and maintained her accusation of fraud against Harris. Based on that information, Officer Tucker returned to Harris and transported her and her three children to the police station in the backseat of his squad car. Harris was not handcuffed. Harris maintains that Officer Tucker told her that she was "under arrest" at that point. Officer Tucker did not remember saying that, but did feel that he had probable cause to arrest Harris at that time.
At the station, Officer Tucker and Harris sat at a table for further interrogation. Harris repeatedly requested and was eventually given a phone book, in which she pointed out the name and number of her doctor. Officer Tucker left the room and contacted the doctor's office. After confirming *722 that Dr. Ritcher had, indeed, called in the prescription, Officer Tucker took Harris and her three children back to Eckerd, where Weaver apologized for the mistake. Officer Tucker estimated the time spent at the station to be thirty to forty-five minutes. Harris's deposition testimony estimated that two hours elapsed from the time she first arrived at Eckerd, until the time she returned home.
Harris's suit against Eckerd and the City asserts that their actions were negligent in that they failed to contact the correct doctor's office. Also, Harris claims that the defendants' actions caused her and her children pain, suffering, embarrassment and mental anguish as a result of being brought to the police station. The City filed a motion for summary judgment, which was granted by the trial court.

Discussion
According to Harris, the City's motion for summary judgment fails on two separate grounds. First, Harris claims that Officer Tucker breached a duty to verify whether the prescription was fraudulent. Secondly, Harris argues that the question of whether she was "arrested" versus being merely "detained" presents an issue of material fact, thus precluding summary judgment.
Appellate courts review summary judgments de novo, using the same criteria applied by the trial court in determining whether summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). A motion for summary judgment is appropriately granted only when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show that there is no genuine issue as to a material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Brown v. Manhattan Life Ins. Co., XXXX-XXXX (La.6/29/01), 791 So.2d 74. Pursuant to La. C.C.P. art. 966(C)(2), defendants' burden on the motion does not require them to negate all essential elements of plaintiffs claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to plaintiff's claim. Carrier v. Grey Wolf Drilling Co., XXXX-XXXX (La.1/18/01), 776 So.2d 439; Robinson v. Brookshires # 26, 33,713 (La.App.2d Cir.8/25/00), 769 So.2d 639. At that point, the party who bears the burden of persuasion at trial, usually the plaintiff, must come forth with evidence which demonstrates his or her ability to meet the burden at trial. Carrier, supra; Robinson, supra.
The tort of false imprisonment or false arrest consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. Plessy v. Hayes Motor Co., Inc., 31,974 (La.App.2d Cir.6/16/99), 742 So.2d 934, 938; Tabora v. City of Kenner, 94-613 (La.App. 5th Cir.1/18/95), 650 So.2d 319, writ denied, 95-0402 (La.3/30/95), 651 So.2d 843. False imprisonment or arrest occurs when one arrests and restrains another against his will without warrant or other statutory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977); Plessy, supra; Anderson v. Wal-Mart Stores, Inc., 95-1026 (La.App. 5th Cir.5/15/96), 675 So.2d 1184. When officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest or imprisonment. Wolfe v. Wiener Enterprises, Inc., 94-2409 (La.1/13/95), 648 So.2d 1293, rehearing denied, 94-2409 (La.2/17/95), 650 So.2d 258; Kyle, supra.; Rodriguez v. Deen, 33,308 (La.App.2d *723 Cir.5/10/00), 759 So.2d 1032, 1035, writ denied, XXXX-XXXX (La.6/23/00), 765 So.2d 1049.
La.C.Cr.P. art. 213 states, in pertinent part:
A peace officer may, without a warrant, arrest a person when:
* * * * * *
(3) the peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; ...
Reasonable cause has been judicially recognized as equivalent to probable cause. Harrison v. State Through Dept. of Public Safety and Corrections, 97-1086 (La.12/1/98), 721 So.2d 458; Rodriguez, supra; State v. Williams, 567 So.2d 755 (La. App. 2d Cir.1990), writ denied, 573 So.2d 1133 (La.1991). Although more than mere suspicion is needed, the measure of probable cause to arrest does not require that a police officer have proof sufficient to convict. Rodriguez, supra; State v. Williams, supra.
Probable cause is based on the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Rodriguez, supra. Probable cause exists if, at the moment an arrest is made, the totality of the facts and circumstances within an officer's knowledge is sufficient to justify an average man of caution in believing that the arrestee had violated or was violating the law. Wolfe, supra; Rodriguez, supra.
Harris asserts that the police officers had a duty to confirm the pharmacist's complaint. However, police officers routinely rely on pharmacists to determine whether a prescription is fraudulent. See, State v. Ballon 97-2036 (La.App. 4th Cir.11/12/97), 703 So.2d 130 (where a pharmacist's verification that a prescription was fraudulent established probable cause to arrest the defendant); State v. King 602 So.2d 121 (La.App. 4th Cir.1992) (where the officer relied on the pharmacist's report of fraudulent prescription to detain the defendant). As provided in an analogous provision regarding shoplifting, La. C.Cr.P. art. 215(A)(2) states:
A complaint made to a peace officer by a merchant or a merchant's employee or agent shall constitute reasonable cause for the officer making the arrest.
Under La. R.S.40:971(B)(1)(g), the act of obtaining a legend drug by fraudulent prescription is a crime. Because the officer followed proper procedure and because the reliance on the pharmacist's complaint was reasonable under the circumstances, we find that the officer had sufficient probable cause to arrest Harris. Given the totality of the circumstances in this case, we conclude that there was an objectively reasonable basis to arrest Harris and the City cannot be liable for her arrest. Wolfe, supra; Rodriguez, supra; see also, Mathieu v. Imperial Toy Corporation, 94-0952 (La.11/30/94), 646 So.2d 318.
Harris's argument concerning whether she was arrested or merely detained raises no material issue of fact in view of our ruling. Since we find that Officer Tucker had probable cause for an arrest, we may accept Harris's view that she was placed under arrest upon leaving Eckerd through the time of her interrogation at the police station.

Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Lisa M. Harris.
AFFIRMED.
NOTES
[1] "`Legend drug' means any drug or drug product bearing on the label of the manufacturer or distributor, as required by the Federal Food and Drug Administration, the statement `Caution: Federal law prohibits dispensing without prescription.'" La. R.S. 40:961(23).