IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30279
Summary Calendar
_____

CLARENCE WILLARD SPIVEY, JR.,
doing business as Thrifty Instant Print;
KARON K. SPIVEY, doing business as Thrifty
Instant Print,

                                        Plaintiffs-Appellants,

versus

RICKEY ROBERTSON, Individually and in his official capacity as
police officer for the State of Louisiana; STATE OF LOUISIANA, on
behalf of Louisiana Department of Public Safety and Corrections;
HAROLD S. COOK, Individually and in his official capacity as
police officer for the State of Louisiana; CHARLES F. WAGNER,
HOWARD MCKEE, JR.; THOMAS YEAGER; JERRY HENDERSON; ABC INSURANCE
COMPANY; XYZ INSURANCE CO.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-876
--------------------
February 19, 2002
Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Clarence Willard Spivey, Jr., and his wife, Karon K. Spivey,

appeal the district court's decision granting a judgment as a

matter of law in favor of Officers Rickey Robertson and Harold S.

Cook, and Trooper Howard McKee, Jr.  The Spiveys argue that the

district court erred in making factual findings which should have

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

been made by a jury in reaching its decision. The undisputed evidence established that the Spiveys made numerous high quality color photocopies of drivers' licenses for minors. Approximately 60 minors who were interviewed had made such color photocopies, altered the dates, laminated the copies, and used them as false licenses. Many of the minors had made the color photocopies at Thrifty Instant Print, and at least one minor also purchased laminating paper at Thrifty Instant Print. The officers met with assistant district attorneys who advised them that they could seek an arrest warrant for Willard Spivey for injuring public records and issuing false licenses. The Spiveys have not shown that the district court made factual findings on issues which were critical to the district court's decision concerning whether Officers Robertson and Cook were entitled to qualified immunity. The judge's issuance of an arrest warrant insulates the officers from liability for their actions. See Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994). Further, the Spiveys did not present evidence to establish that the officers acted intentionally or with reckless disregard to the truth, or that they failed to provide the judge with information that was critical to a finding of probable cause. See Hale v. Fish, 899 F.2d 390, 400 (5th Cir. 1990). Therefore, the district court did not err in determining that there was no legally sufficient evidentiary basis for a reasonable jury to find for the Spiveys on their federal claims based on the Fourth and Fourteenth Amendments against Officers Robertson and Cook. See Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 149 (2000).

The Spiveys have not shown that the district court made impermissible fact findings in denying their state law claims for false arrest, defamation, intentional infliction of emotional distress, invasion of privacy, and negligence.  Because the officers had probable cause to believe Spivey violated the law, they were not liable for false arrest.  See Wolfe v. Weiner Enterprises, Inc., 648 So. 2d 1293, 1295 (La. 1995).  The officers were not liable for defamation because the Spiveys did not present evidence that the officers made statements with knowledge or reckless disregard concerning whether the statements were false.  See Trentecosta v. Beck, 703 So. 2d 552, 559-60 (:a. 1997).  The Spiveys did not present any evidence that the officers' actions were extreme, outrageous, or taken with the desire to inflict emotional distress.  See Nicholas v. Allstate Ins. Co., 765 S. 2d 1017, 1024-25 (La. 2000).  Because the officers had probable cause and acted reasonably, they were not liable for invasion of privacy.  See Jaubert v. Crowley Post-Signal, Inc., 375 So. 2d 1386, 1389 (La. 1979).  The Spiveys did not present evidence that the officers acted unreasonably and, therefore, their negligence claim lacked merit.  See Roberts v. Benoit, 605 So. 2d 1032, 1051-57 (La. 1991).

For the first time on appeal, the Spiveys argue that the district court denied their constitutional right to a jury trial. They may not raise a new theory of recovery for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.