BROWN, Chief Judge.
Ijn the municipal court for the City of Shreveport, defendant, Lavert Henderson, Jr., was charged by separate affidavits with two counts of improper telephone communications in violation of La. R.S. 14:285 and one count of aggravated assault in violation of La. R.S. 14:37. The matters were consolidated for a bench trial which occurred on June 25, 2012. Defendant represented himself. Following testimony, the trial court found defendant not guilty of aggravated assault, not guilty of one count of improper telephone communications, and guilty of the other count of improper telephone communications. Henderson was fined $250. Defendant timely appealed.

Discussion

Subsection (C) of La. R.S. 14:285, the statute defining improper telephone communications, provides that whoever violates the provisions of La. R.S. 14:285 shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both. Subsection (B) of La. R.S. 14:37, the statute defining aggravated assault, provides that whoever commits an aggravated assault shall be fined not more than one thousand dollars or imprisoned for not more than six months, or both.
Defendant’s misdemeanor offenses were consolidated for trial. When consolidated, the law considers all criminal charges as if they were originally joined in a single bill. La. C. Cr. P. Art. 706. Had he been convicted of all three offenses, defendant was facing an aggregate sentence of up to 18 months in jail. Therefore, he was entitled to a jury trial. Article 1, § 17 of the Louisiana Constitution; State v. Hicks, 41,906 (La.App.2d Cir.12/20/06), 945 So.2d 959. La. R.S. 13:1894 limits the criminal jurisdiction of city courts to the trial of offenses which are not punishable by imprisonment at hard labor, i.e., to the trial of misdemeanors. Further, La. R.S. 13:1895 stipulates that criminal prosecu *1040 tions in city courts “shall be tried -without a jury.”
The prosecutor has conceded that defendant was never informed of nor did he waive his right to a jury trial and that his conviction should be vacated and the matter remanded for further proceedings. Accordingly, defendant’s conviction and sentence are vacated and the matter is remanded for further proceedings. Interestingly, upon remand, defendant is only entitled to a bench trial because he will have only one pending misdemeanor charge, inasmuch as he was found not guilty of the other two charges at the first bench trial. See State v. Davis, 427 So.2d 1238 (La.App. 2d Cir.1983).

Conclusion

For the foregoing reasons, defendant’s conviction and sentence are vacated and the matter is remanded for further proceedings.