SEXTON, J. (Ad Hoc).
|,The plaintiff, Lavert Henderson, Jr., appeals from a trial court ruling which granted summary judgment in favor of the defendant, Bailey Bark Materials, Inc. (“Bailey Bark”). For the following reasons, we affirm the trial court judgment.
FACTS
Henderson is the driver for Jehovah Express, LLC, a trucking company owned by his wife. Henderson regularly hauled wood materials from Bailey Bark to a paper mill. He also hauled wood products for Wood Energy Group (“Wood Energy”), which is located on Bailey Bark property.
On September 27, 2011, Henderson arrived at Bailey Bark to get a load of material. Freddie Grant, a Bailey Bark employee tasked with loading trucks, was helping another customer. Henderson got on the Bailey Bark loading equipment and attempted to load his truck himself. Grant was able to persuade Henderson to get off the loader. According to Grant, Henderson got a pipe and started swinging it at him and cursing. Jeff Bailey, the owner of Bailey Bark, intervened. Henderson claimed that he was only using the pipe to check his tires. Henderson left the scene.
Soon after Henderson left, Grant began getting telephone calls from a blocked number. When he answered one of the calls, Henderson was on the phone. Grant claimed that Henderson threatened to kill him.
Grant and Bailey contacted the Shreveport Police Department and reported the incident to Corporal S.D. Clanton, who was dispatched to the scene at 1:00 p.m. Corporal Clanton called Henderson from Bailey Bark and asked him to return to the business to give his side of the incident. 12Henderson became irate, questioned the officer’s authority, and refused to return to the business. Corporal Clanton filled out an affidavit to obtain a warrant for Henderson’s arrest for aggravated assault and improper telephone communications.
Officer M.K. Guy of the Shreveport Police Department was dispatched to Bailey Bark at 3:03 p.m. the same day, September 27, 2011. Henderson had returned to the business and was standing by a vehicle on company property. He walked toward Officer Guy who told him to wait. Bailey identified himself to Officer Guy as the owner of the property. Bailey said that he did not want Henderson on the property. Officer Guy instructed Henderson to leave and not to return. Henderson complied. Shortly after Henderson left the property, Bailey received a call on his cell phone. Bailey listened for a moment and then asked the caller to repeat himself. Bailey turned on the speaker phone. A man Bailey identified as Henderson said, “If I catch you, I will f_g kill you.” Officer Guy heard the statement. It was determined that the number from which the call came belonged to Henderson. Officer Guy submitted a request for an affidavit for an arrest warrant for Henderson for improper telephone communications.
On September 28, 2011, Henderson was arrested at his home. Henderson was charged with aggravated assault and two counts of improper telephone communications. Upon being booked, Henderson claimed that he was |3suicidal and was taken to LSU Health Sciences Center. He was later released from the hospital and taken to jail.[1]
*35 On October 3, 2011, in proper person, Henderson and Jehovah Express filed a complaint against Bailey Bark, alleging intentional interference with business relationships, racial discrimination, defamation of character, false imprisonment, loss of income, and intentional infliction of emotional distress. They sought to recover $1,860,000 in damages.
Henderson claimed that he had been giving information to the Shreveport Fire Department about arson fires at Bailey Bark and Wood Energy. According to Henderson, a conflict between Bailey Bark and Wood Energy was adversely affecting his business. Henderson maintained that the owner of Bailey Bark told him not to haul for Wood Energy and the owner of Wood Energy told him not to haul for Bailey Bark. Henderson also asserted that the owner of Bailey Bark threatened him.
Henderson further claimed that on September 26, 2011, and on September 27, 2011, he was threatened by employees of Bailey Bark. Henderson denied threatening Grant with a pipe on September 27, 2011. Henderson urged that his arrest on September 28, 2011, was the result of a false police report filed by a Bailey Bark employee. He asserted that on September 28, 2011, when he was arrested, he had not taken his medication and had thoughts of suicide.
| .¡Henderson filed a motion for summary judgment on behalf of himself and Jehovah Express, largely attacking the attorneys for Bailey Bark. A hearing was held on the motion on March 5, 2012. Henderson’s motion for summary judgment was denied.
At the March 2012 hearing, the trial court also considered numerous exceptions filed by Bailey Bark. The company contended that Henderson, who was proceeding in proper person, lacked procedural capacity to represent Jehovah Express, LLC. Henderson agreed to the granting of this exception.
The trial court granted Bailey Bark’s exception of no right of action as to Jehovah Express, finding that the company could not assert claims for intentional infliction of emotional distress, racial discrimination, and false imprisonment, claims that were personal to Henderson. The trial court overruled the exception as to the company’s claim for defamation. However, Henderson could not represent Jehovah Express, and the company did not retain counsel. No claims as to the company were considered by the trial court in subsequent proceedings.
The trial court granted Bailey Bark’s exception of no cause of action as to Henderson regarding his claims for intentional interference with business relations and racial discrimination. The trial court gave Henderson 15 days to amend his pleading to cure the exceptions.
Bailey Bark’s exception of no cause of action as to Henderson’s defamation claim and his claims for false imprisonment and intentional infliction of emotional distress were denied by the trial court.
|fiBailey Bark’s motion for sanctions alleging that Henderson filed this suit to harass Bailey Bark and cause unnecessary litigation costs was referred to the merits.
Henderson filed a second motion for summary judgment. This motion for summary judgment was also denied by the trial court. The trial court held that *36 Henderson failed to present evidence in proper form to support his motion for summary judgment.
On May 25, 2012, Bailey Bark filed a motion for summary judgment, and alternatively, reurged its exceptions of no cause of action and no right of action. Bailey Bark alleged that Henderson had failed to produce any evidence to support his claims for intentional interference with business relations, defamation, false imprisonment, intentional infliction of emotional distress, and racial discrimination. On June 18, 2012, the trial court granted summary judgment in favor of Bailey Bark, dismissing Henderson’s claims with prejudice. The trial court found that Henderson had not opposed Bailey Bark’s motion for summary judgment with appropriate evidence. All documents submitted by Henderson were found to be unsworn and unverified. Henderson appealed.
Henderson is representing himself on appeal. In his brief, he basically reiterated his version of the facts of the ease and denied that he threatened to kill Bailey. He did not address the question of whether his proof in opposition to the motion for summary judgment was sufficient.
| ^SUMMARY JUDGMENT PRINCIPLES
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880; Amos v. Crouch, 46,456 (La.App.2d Cir.6/29/11), 71 So.3d 1053; Carter Enterprises, LLC v. Scott Equipment Co., LLC, 46,862 (La.App.2d Cir.4/11/12), 91 So.3d 1134.
Appellate courts review summary judgments de novo, under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Jenkins v. Willis Knighton Medical Center, 43,254 (La.App.2d Cir.6/4/08), 986 So.2d 247. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Amos v. Crouch, supra; Carter Enterprises, LLC v. Scott Equipment Co., LLC, supra.
Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Jenkins v. Willis Knighton Medical Center, supra. The moving party bears the burden of proof. However, when he will not bear the burden of proof at trial on the matter before the court on summary judgment, the movant is not required to negate all essential elements of the adverse party’s |7claim; he need only point out an absence of factual support for one or more essential elements of the adverse party’s claim. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment is appropriate. La. C.C.P. art. 966(C)(2); Carter Enterprises, LLC v. Scott Equipment Co., LLC, supra.
Summary judgment evidence includes the pleadings, depositions, answers to interrogatories, admissions, and affidavits. La. C.C.P. art. 966(B). Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached to the affidavit or served with it. La. C.C.P. art. 967(A). In meeting the burden *37 of proof, unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence. Marino v. Parish of St. Charles, 09-197 (La.App. 5th Cir.10/27/09), 27 So.3d 926.
DISCUSSION
In its motion for summary judgment, Bailey Bark asserted that Henderson failed to provide competent summary judgment evidence to establish that he could satisfy his evidentiary burden of proof at trial as to his claims for intentional interference with business relations, defamation, false imprisonment, intentional infliction of emotional distress, and racial discrimination. In support of its motion for summary judgment, Bailey Bark filed the affidavit of Grant, the deposition of Corporal Clanton, with her | ¿police report attached, and the deposition of Officer Guy, -with his police report attached. In opposition to the motion for summary judgment, Henderson attached several un-sworn and unverified documents. As will be discussed below, the trial court correctly found that Henderson failed to provide competent summary judgment evidence to support his claims.
Intentional Interference with Business Relations
Louisiana courts have recognized a cause of action for tortious interference with business. Junior Money Bags, Ltd. v. Segal, 970 F.2d 1 (5th Cir.1992); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir.1981); Bogues v. Louisiana Energy Consultants, Inc., 46,434 (La.App.2d Cir.8/10/11), 71 So.3d 1128. In Louisiana, the delict is based on the principle that the right to influence others not to deal is not absolute. Louisiana law protects the businessman from malicious and wanton interference, permitting only interferences designed to protect a legitimate interest of the actor. The plaintiff in a tortious interference with business suit must show by a preponderance of the evidence that the defendant improperly influenced others not to deal with the plaintiff. Junior Money Bags, Ltd. v. Segal, supra. It is not enough to allege that a defendant’s actions affected the plaintiffs business interests; the plaintiff must allege that the defendant actually prevented the plaintiff from dealing with a third party. Bogues v. Louisiana Energy Consultants, Inc., supra.
The jurisprudence has viewed this cause of action with disfavor. The plaintiff must show that the defendant acted with actual malice. Actual Rmalice must be pleaded in the complaint. Bogues v. Louisiana Energy Consultants, Inc., supra.
In this case, Henderson claims that the conflict between Bailey Bark and Wood Energy Group caused him to lose business. He alleged that, because he was prohibited from going onto Baily Bark’s property, he could not do business with Wood Energy Group. However, Bailey Bark showed that, due to Henderson’s threats toward personnel at Bailey Bark, the company directed that Henderson could no longer come onto its property. Any interference this may have caused with Henderson’s business was an incidental effect of Bailey Bark’s actions designed to protect the legitimate interest of safeguarding its officials and employees. There is no allegation or showing by Henderson that Bailey Bark acted with actual malice. Without a showing of the essential elements of a claim for intentional interference with business relations, Henderson could not defeat Bailey Bark’s motion for summary judgment on this claim.
*38 Defamation
Defamation is a tort involving the invasion of a person’s interest in his or her reputation and good name. Four elements are necessary to establish a claim for defamation: (1) a false or defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Kennedy v. Sheriff of East Baton Rouge, 2005-1418 (La.7/10/06), 935 So.2d 669. A statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, deter |inothers from associating or dealing with the person, or otherwise expose the person to contempt or ridicule. Kennedy v. Sheriff of East Baton Rouge, supra.
Defamatory words have traditionally been divided into two categories: those that are defamatory per se and those that are susceptible to a defamatory meaning. Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one’s personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. When a plaintiff proves publication of words that are defamatory per se, falsity and malice (or fault) are presumed, but may be rebutted by the defendant. Injury may also be presumed. When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice (or fault), and injury. Kennedy v. Sheriff of East Baton Rouge, supra.
Privilege is a defense to a defamation action. The doctrine of privilege rests upon the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain defined instances, one is justified in communicating defamatory information to others without incurring liability. Privileged communications are divided into two general classes: (1) absolute; and (2) conditional or qualified. Kennedy v. Sheriff of East Baton Rouge, supra. Louisiana courts have recognized that the public has an interest in possible criminal activity being brought to the attention of the proper authorities, and have extended a | n qualified privilege to remarks made in good faith. Kennedy v. Sheriff of East Baton Rouge, supra.
The conditional privilege is defeated by proof that the defamatory statements were made with malice in fact, ie., that the defendant was actuated by motives of personal spite or ill will, independent of the occasion on which the communication was made. Kennedy v. Sheriff of East Baton Rouge, supra.
Henderson claims that he is a gospel rap artist and that the “false police reports” made by Bailey and Grant, together with the publication of his mugshot in the local newspaper, caused damage to his reputation. In support of this claim, Henderson attached a copy of Corporal Clanton’s offense report and Henderson’s booking report.
Henderson simply failed to show, through competent summary judgment evidence, the essential elements of his claim for defamation. He alleged that his mug shot was published in a local newspaper, but he failed to show that he suffered harm to his reputation so as to lower him in the estimation of the community, deter others from associating or dealing with him, or otherwise exposing him to contempt or ridicule.
More significantly, Henderson failed to show that the police reports resulting in his arrest were false or were not *39 entitled to the qualified privilege afforded good faith complaints to law enforcement. The police were called to Bailey Bark on two occasions on September 27, 2011. These calls were triggered by the dispute between Henderson, Bailey, and Grant. On the second occasion, Officer Guy told Henderson to leave the premises |19and was present when a caller identified as Henderson called Bailey and threatened Bailey’s life. The complaint to the police was subject to a qualified or conditional privilege. Henderson failed to provide competent proof to defeat the conditional privilege or to show that he was injured. Under these circumstances, the trial court did not err in granting Bailey Bark’s motion for summary judgment on this issue.
False Imprisonment
False imprisonment or arrest occurs when one arrests and restrains another against his will and without statutory authority. Wilson v. City of Shreveport, 40,383 (La.App.2d Cir.2/10/06), 921 So.2d 254, writ denied, 2006-0509 (La.5/5/06), 927 So.2d 321. The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. Plessy v. Hayes Motor Co., Inc., 31,947 (La.App.2d Cir.6/16/99), 742 So.2d 934; Harris v. Eckerd Corp., 35,135 (La.App.2d Cir.9/26/01), 796 So.2d 719.
Henderson has not presented any evidence to support a claim of false imprisonment. He was not detained by anyone at Bailey Bark. He was arrested by the police based upon warrants validly and lawfully obtained. The trial court did not err in granting summary judgment in favor of Bailey Bark on this issue.
Intentional Infliction of Emotional Distress
In order to recover for intentional infliction of emotional distress, a plaintiff must establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was [ issevere; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d 1205 (La.1991).
The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. White v. Monsanto Co., supra; Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012 (La.App. 2d Cir.1987), writ denied, 512 So.2d 1183 (La.1987). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. White v. Monsanto Co., supra.
Conduct which may otherwise be extreme and outrageous, may be privileged under the circumstances. Liability does not attach where the actor has done no more than to insist upon his legal rights in a permissible way, even though he is aware that such insistence is certain to cause emotional distress. White v. Monsanto Co., supra. Similarly, liability cannot be based upon a privileged communication on a matter of public concern, a good faith report of a suspected or possible criminal act, as such reports should be encouraged in promoting the public interest in the suppression of crime and enforcement of the law. Cook v. American Gateway Bank, 2010-0295 (La.App. 1st Cir.9/10/10), 49 So.3d 23.
Henderson has failed to establish that Bailey Bark engaged in extreme and outrageous conduct, Henderson suffered severe emotional distress, and 114Bailey Bark *40 desired to inflict severe emotional distress or knew that it would be certain or substantially certain to follow from its conduct.
Henderson alleges that he suffered mental anguish as a result of being falsely arrested. Henderson has failed to carry his burden of showing that the complaints made by Bailey Bark, which resulted in the arrest, were false or were made in bad faith. He was arrested due to a complaint to the police by Bailey Bark based on Henderson’s alleged threatening behavior and speech toward Grant and Bailey. Under these circumstances, Bailey Bark’s complaint to the police was a privileged communication that cannot serve as the basis for a claim for intentional infliction of emotional distress. Further, Henderson has failed to establish by competent summary judgment evidence that he suffered severe emotional distress. Corporal Clanton and Officer Guy testified in their depositions that, at the time of his arrest, Henderson did not seem to be very distressed. He was taken to LSU Health Sciences Center because, in response to questions at booking, he stated that he felt suicidal. According to Corporal Clanton, any time such a statement is made, the individual is transported to the hospital. Officer Guy, who relieved Corporal Clan-ton at the hospital, stated in his deposition that Henderson did not appear to be upset.
Henderson asserted that he had to increase his Prozac prescription and take medication to help him sleep as a result of his arrest. He attached what appears to be paperwork from a pharmacy. However, these documents are unsworn and unverified and are not competent summary judgment | ^evidence. Based upon the record before us, the trial court did not err in granting summary judgment in favor of Bailey Bark as to this claim.
Racial Discrimination
The plaintiff claiming discrimination has the initial burden of proof and must establish a prima facie case of discrimination. The plaintiff may meet this initial burden by showing that: (1) he was a member of a racial minority; (2) he was qualified for the position; (3) he was discharged; and (4) the position was filled by a person who was not a member of the protected minority class. Baldwin v. Board of Supervisors for University of Louisiana System, 2006-0961 (La.App. 1st Cir.5/4/07), 961 So.2d 418; Knapper v. Hibernia Nat. Bank, 2009-1036 (La.App. 4th Cir.9/8/10), 49 So.3d 898. See also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
Upon establishing a prima facie case of discrimination, the burden shifts to the defendant to set forth a legitimate nondiscriminatory explanation for the adverse employment decision. If the defendant is able to articulate a legitimate nondiscriminatory reason, the plaintiff must then establish by a preponderance of the evidence that the defendant’s proffered reasons were not its true reasons. Knapper v. Hibernia Nat. Bank, supra.
Racial discrimination claims generally arise in the context of employment. See La. R.S. 23:332. Although he did business with Bailey Bark, Henderson has failed to allege or show that he was employed by the company. Henderson claims that he suffered a loss of business and income when Bailey Bark prohibited him from coming onto the property. He |1Basserts that this was racial discrimination because Henderson is African-American and the owner of Bailey Bark is white. Henderson failed to submit any proof in his opposition to Bailey Bark’s motion for summary judgment to support his allegations.
*41 In a sworn affidavit attached to Bailey Bark’s motion for summary judgment, Bailey stated that the company used several African-American owned businesses, on an as-needed basis to haul wood products from its business to the paper mill. Bailey stated that Henderson was not an employee of Bailey Bark. Also, as noted above, Bailey Bark prohibited Henderson from coming onto the company property due to alleged threats made by Henderson to Bailey and Grant.
Henderson has failed to establish a 'pri-ma fade case of discrimination. The trial court did not err in granting Bailey Bark’s motion for summary judgment on this issue.
CONCLUSION
For the reasons stated above, we affirm the trial court’s granting of summary judgment in favor of the defendant, Bailey Bark Materials, Inc., dismissing the claims of the plaintiff, Lavert Henderson, Jr. All costs in this court are assessed to the plaintiff, Lavert Henderson, Jr.
AFFIRMED.

. Henderson was prosecuted in Shreveport City Court. He was found guilty of one count *35 of improper telephone communications. He was found not guilty of aggravated assault and not guilty of the other count of improper telephone communications. Henderson appealed his conviction and that matter is pending before this court on the present docket. See State v. Henderson, 47,806 (La.App.2d Cir.4/10/13), 112 So.3d 1038.